## EL PUEBLO, Apelado, v. PILLOT, Apelante.

Apelación procedente de la Corte de Distrito de Guayama.

No. 597.—Resuelto en marzo 10, 1913.

HABEAS CORPUS—APELACIÓN—NOTAS DEL TAQUÍGRAFO.—Atendida la naturaleza de este caso y apareciendo que las declaraciones de los testigos no sólo están certificadas como exactas por el taquígrafo, sino que fueron aceptadas por ambas partes y certificadas por el propio juez sentenciador, se resolvió que el tribunal podía considerarlas para la resolución del recurso.

ID.—CAUSA PROBABLE—DECLARACIÓN DEL FISCAL.—En casos de esta naturaleza no es necesario que el Fiscal presente toda la prueba que tenga en contra del acusado. Una vez que el Fiscal haya presentado alguna prueba que realmente tienda a establecer la responsabilidad del acusado, entonces el Fiscal puede referirse en general a la demás prueba que pueda tener en su poder, y la corte que se niega a decretar la eliminación de una declaración prestada en esos términos, no comete error alguno.

ID.—CAUSA PROBABLE—CULPABILIDAD DEL DETENIDO.—Dentro de un procedimiento de habeas corpus iniciado para investigar la causa de la detención de un ciudadano, no se averigua ni se decide si el detenido es culpable o nó del delito del que se le acusa, sino simplemente si existe o nó un principio de prueba que justifique su detención como presunto responsable del delito que se le imputa. Examinadas las pruebas practicadas en este caso, se resolvió que existía causa probable para decretar la detención del peticionario.

ID.—FIANZA EXCESIVA—NORMA PARA FIJARLA.—No deben exigirse fianzas excesivas y la corte deberá tener en cuenta para fijarla las condiciones y recursos de que dispone el detenido, su estado de pobreza, la naturaleza del delito, las probabilidades de culpabilidad que puedan existir, así como el sexo, rango y relaciones del acusado.

ID.—FIANZA—REDUCCIÓN POR LA CORTE SUPREMA.—Esta corte puede reducir en un procedimiento de habeas corpus una fianza excesiva.

ID.—FIANZA EXCESIVA.—Atendida la naturaleza de este caso y la situación pecuniaria del peticionario, se resolvió que la fianza de ocho mil dólares exigida era excesiva, pudiendo el peticionario acudir nuevamente a la corte de distrito solicitando la reducción y debiendo la corte resolver el caso de acuerdo con los principios establecidos en esta opinión.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Frank Martínez, Fiscal interino.*

Abogado del peticionario: *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 18 de febrero de 1913, Diego Pillot presentó una solicitud de *habeas corpus* al Juez de Distrito de Guayama, alegando que se hallaba privado ilegalmente de su libertad por habérsele detenido sin causa razonable o probable para ello.

Expedido el auto, compareció el 19 de febrero de 1913, el alcaide de la cárcel con el peticionario, e informó que éste se encontraba bajo su custodia a virtud de un mandamiento expedido por el juez de paz. El mandamiento no ha sido impugnado por el peticionario. Como hemos dicho, el fundamento de su solicitud descansa en la falta de causa justa para su detención.

En el acto de la vista declaró además del alcaide, el Fiscal, y la corte, vistas las circunstancias del caso, resolvió que el peticionario no era acreedor a la excarcelación y ordenó que continuara detenido en tanto que fuera legalmente excarcelado, señalándole una fianza de ocho mil dólares para su libertad provisional.

Contra esa resolución, dictada el propio día 19 de febrero, se interpuso el presente recurso de apelación cuya vista tuvo lugar el 4 de marzo en curso.

Los autos se han elevado originales y entre ellos aparecen las declaraciones de los testigos tales como fueron tomadas por el taquígrafo. El Fiscal de este Tribunal Supremo alega que no es ese el medio apropiado de traer a este Tribunal Supremo la prueba testifical practicada en la corte inferior. Tal vez tenga razón el Fiscal, pero atendida la naturaleza de este caso y apareciendo que dichas declaraciones no sólo están certificadas como exactas por el taquígrafo, sino que fueron aceptadas por ambas partes y certificadas por el propio juez sentenciador, creemos que debemos considerarlas y tenerlas en cuenta para la resolución del recurso.

Tres son los motivos de error que alega el apelante:

1. Que la corte erró al no eliminar la declaración del Fiscal del distrito.

2. Que también erró al apreciar que la prueba practicada era suficiente para decretar la detención del peticionario; y

3. Que la fianza es excesiva.

De los autos resulta que contra el peticionario no se había formulado, a la fecha de la vista de su solicitud en la corte inferior, acusación por el Fiscal del distrito. El peticionario fué detenido por orden del juez de paz de fecha 17 de febrero de 1913, a fin de que respondiera del cargo que se le hacía de haber sobornado a ciertos miembros del jurado que actuó en el caso de *El Pueblo* v. *Amy*, entregándoles dinero con el fin de influir en el veredicto que debían rendir dichos jurados, y el cargo se estaba investigando por el Fiscal del distrito.

En el acto de la vista de la solicitud de *habeas corpus* en la corte inferior, el Fiscal presentó como prueba la declaración prestada ante él bajo juramento por el testigo Pedro Dessús, y firmada por el propio testigo. Dicha declaración en parte dice así: "Que el mismo día que llegó el testigo de los Baños de Coamo, Diego Pillot habló con el declarante y le dijo a preguntas del declarante, que si era verdad que se habían vendido los del jurado, dijo que era verdad, que cogieron el dinero y se lo habían repartido entre ellos."

Luego el Fiscal declaró y dijo: "Tengo en mi poder declaraciones de testigos que me merecen entero crédito, testigos como he dicho antes, de consideración y de respecto, sobre una cantidad de seiscientos dólares entregados por uno de los testigos a Diego Pillot, el acusado, y en mi poder tengo declaraciones corroborativas de la admisión hechas ante Dessús por Diego Pillot, y además de admisiones hechas ante otros testigos por el mismo Diego Pillot, y tengo en mi poder, además, declaraciones tendentes a probar el soborno por Pillot de cinco jurados más que actuaron en el caso de *El Pueblo de Puerto Rico* v. *Arturo Amy,* por delito de asesinato en segundo grado, y además tengo otras declaraciones sobre

todas las circunstancias del soborno. Afirmo bajo juramento que tengo en mi poder esas declaraciones corroborativas todas de la declaración prestada por Pedro Dessús.''

El defensor del acusado pidió que se eliminara la declaración del Fiscal por constituir prueba secundaria de los hechos a que se refería, siendo la primaria que debía presentarse, las propias declaraciones escritas de los testigos. Entonces el juez preguntó al Fiscal si algún testigo había declarado positivamente, que presenciara la entrega del dinero y el Fiscal contestó que sí. El juez declaró no haber lugar a la eliminación solicitada y el abogado del peticionario tomó excepción. El dicho abogado continuó interrogando al Fiscal y éste dijo: ''Bueno, yo no tengo inconveniente en decir el nombre del testigo, éste es Don Juan Paraviccini, que ha declarado bajo juramento que le entregó seiscientos dólares al Sr. Pillot, y aquí está su declaración.'' Entonces el abogado manifestó: ''Yo me opongo a que se presente su declaración; yo solamente quería saber el nombre del testigo.''

Examinando en conjunto todo lo ocurrido con motivo de la declaración del Fiscal, no es posible concluir que la corte cometiera error fundamental alguno al negarse a ordenar que dicha declaración fuera eliminada del récord. Atendida la naturaleza de este caso, el Fiscal era competente para declarar en la forma en que lo hizo. Se trataba de averiguar si existía algún motivo justo para la detención del acusado. El Fiscal, el funcionario encargado de perseguir los delitos, presentó como prueba una declaración escrita, prestada ante él bajo juramento, por un testigo, tendente a probar la responsabilidad del detenido y luego testificó que tenía más prueba de la culpabilidad del dicho detenido. Pero, aun cuando se llegara a la conclusión de que la corte había cometido en principio el error que se le atribuye, tendría que llegarse también a la conclusión de que dicho error había quedado subsanado al ofrecer luego el Fiscal la declaración

escrita del testigo Paraviccini y al negarse a admitirla el propio defensor del peticionario.

Veamos ahora si la detención del acusado es ilegal como se alega en la solicitud.

En nuestra Isla no sólo no puede condenarse a una persona sin que exista prueba en contra suya más allá de toda duda razonable y fundada, sino que tampoco puede detenerse a una persona sin que exista alguna causa justificada para ello.

Dentro de un procedimiento de *habeas corpus* iniciado para investigar la causa de la detención de un ciudadano, no se averigua ni decide si el detenido es culpable o nó del delito de que se le acusa, sino simplemente si existe o nó un principio de prueba que justifique su detención como presunto responsable del delito público que se le imputa.

Analizadas las pruebas practicadas en este caso y a las cuales nos hemos referido anteriormente, es necesario concluir que existió un motivo justificado para decretar la detención del peticionario y, por tanto, que dicho peticionario no se halla privado ilegalmente de su libertad.

Examinemos la cuestión de la fianza. El delito que se imputa al peticionario es grave. Sobornar a un jurado; ofrecer y dar dinero a hombres que han prestado juramento de juzgar a uno de sus conciudadanos de acuerdo con las pruebas y la ley, para que falten a ese juramento; corromper de tal modo la administración de la justicia, es cometer uno de los actos más graves y de más funestas consecuencias que puedan realizarse.

Esto no obstante la fianza fijada por el juez parece a primera vista excesiva, si se tiene en cuenta que el acusado manifestó, y su manifestación no fué impugnada por el Fiscal, que carecía de bienes de fortuna.

Es un principio bien establecido el de que no deben exigirse fianzas excesivas, porque ello equivaldría a impedir el cumplimiento de la ley que permite la libertad provisional de los acusados, con la excepción que la misma ley establece.

"El hecho de que no se exigirá al acusado una fianza excesiva constituye una garantía constitucional. La fianza no deberá fijarse en una suma excesiva pues de ser así, esto equivaldría en substancia a una negativa de dicha fianza de acuerdo con el precepto constitucional, y deberán tenerse en cuenta las condiciones y recursos de que dispone el detenido, así como también su estado de pobreza, todo en relación con la magnitud del delito, lo ignominioso del mismo y el castigo que lleva consigo. Además, se ha resuelto que al fijar la corte la cuantía de la fianza deberá considerar la naturaleza del delito imputado y examinar todo el caso teniendo presente las probabilidades de culpabilidad que puedan existir así como el sexo, rango, y relaciones del acusado, en todo aquello en que dichas circunstancias puedan estar relacionadas con la posibilidad de que dicho acusado comparecerá al juicio. La fianza no deberá tampoco ser completamente inadecuada al delito imputado ni su cuantía indebidamente crecida." 5 Cyc. 90 y 91, y casos citados.

Habiendo en consideración todo lo expuesto, esta corte podría reducir la fianza exigida, *United States* v. *Brawner,* 7 Federal Reporter, 86, pero nos parece mejor que el peticionario acuda de nuevo a la corte de distrito y le exponga las razones que tiene para pedir la reducción de la fianza. La corte de distrito por su mayor conocimiento del asunto y por los datos que puedan proporcionarle el peticionario y en su caso el Fiscal, estará en mejores condiciones que nosotros para graduar la cuantía de la fianza, fijándola de manera que el principio de la no exigencia de fianzas excesivas quede reconocido, en armonía con los altos fines de la justicia, interesada en la persecución eficaz de los verdaderos culpables de delitos públicos.

El recurso debe declararse sin lugar, confirmándose la resolución apelada en los términos anteriormente expresados.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Aldrey.

El Juez Asociado Sr. Wolf firmó haciendo constar estar conforme con la sentencia.