CÁNDIDO MARRERO FERNÁNDEZ, JOSÉ CALAZÁN MARRERO MIRANDA, JOSÉ MIRANDA ORTIZ, JUAN PEDRO MARRERO FERNÁNDEZ y PABLO POMALES MARRERO, peticionarios y apelantes, *v.* EL PUEBLO DE PUERTO RICO, recurrido y apelado.

No. 4278.—*Sometido:* Enero 13, 1931.—*Resuelto:* Enero 16, 1931.

*Agustín E. Font,* abogado de los peticionarios apelantes; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El fiscal del distrito de Ponce, en diligencias sobre la muerte violenta e ilegal del policía Ramón Martínez Ríos, ordenó la detención y encarcelación de Cándido Marrero Fer-

nández, José Miranda Ortiz, José Calazán Marrero Miranda, Juan Pedro Marrero Fernández y Pablo Pomales Marrero, fijándoles para su libertad provisional una fianza de $15,000 a cada uno.

Los detenidos acudieron por medio de una petición de hábeas corpus al honorable Roberto H. Todd, Jr., Juez de la Corte de Distrito de Ponce, quien expidió el auto, oyó el caso, y resolvió declarando sin lugar la petición, salvo en lo que se refiere a la fianza del peticionario Pomales que redujo a $7,000. Contra esta resolución se apeló ante este tribunal.

El fiscal de este tribunal, se opuso a la apelación en parte; y en lo que se refiere a la fianza, estimó que debe fijarse en la suma de cinco mil dólares para cada uno de los arrestados.

En dos motivos se funda la apelación.

█ Aparece que el testigo Ramón Ramos cuando empezó a declarar ante el fiscal negó haber presenciado los hechos o saber algo en cuanto a los mismos; pero luego declaró inculpando a los que fueron detenidos, y dijo que ellos habían cometido la muerte del policía Martínez, y que si él antes había negado que presenciara los hechos fué bajo el temor de amenazas graves que le hicieron los inculpados.

De esa circunstancia parten los apelantes para sostener que no había elementos suficientes para inculparles y decretar su arresto, ni los hay para sostener su privación de libertad.

Hemos visto la prueba que aparece de récord; y con ella y por ella debe sostenerse la decisión apelada, en cuanto a este particular. En primer lugar, para los efectos del hábeas corpus, y bajo la sección de la ley que se invoca, debe tomarse la prueba como aparece; y, en segundo lugar, el testigo ha excusado, si no justificado, su actitud, expresando el por qué de su primera declaración.

█ Como un segundo motivo de esta apelación, se alega el error del juez al sostener la fianza de $15,000, que se estima

excesiva, por la pobreza de los peticionarios, su falta de protección y de relaciones sociales, y su desamparo.

Es verdad que este tribunal en los casos que se citan, *El Pueblo* v. *Pillot,* 19 D.P.R. 264, y *Marrero* v. *El Pueblo,* 31 D.P.R. 901, sostuvo que las fianzas no deben ser excesivas, y en la interpretación del término "excesivas" dió peso e importancia a los elementos de condiciones y recursos del detenido, sexo, situación social y relaciones del acusado. Pero lo es también que se dió gran importancia a la clase de delito, su magnitud, castigo que acarrea, etc. No pueden interpretarse esas decisiones tomando de ellas una parte, y dejando otra. Sí deben tenerse presentes esas declaraciones, en cuanto guían la buena discreción del funcionario que haya de fijar la cuantía.

En un caso como el presente, tenidas en cuenta todas las circunstancias, la fijación de cuantía de la fianza para cada uno de los detenidos, en una suma de cinco mil dólares, sería prudente. *En ese sentido debemos modificar la resolución apelada, confirmándola en los demás.*

El Juez Asociado Señor Hutchison disintió en lo que se refiere a la cuantía de la fianza, que entiende debe ser de $5,000 para Cándido Marrero y de $2,000 para cada uno de los otros acusados.