## EX PARTE RYAN.

CONSTRUCTION OF STATUTE—CHARGE AND INDICTMENT.—The charge mentioned in section one hundred and forty-six, and the indictment mentioned in section two hundred and six of the Criminal Practice Act, are not the same thing.

AUTHORITY TO FIX BAIL.—The Court in which a criminal indictment is pending has the authority to fix the amount of bail to be given by a prisoner, irrespective of any action theretofore taken by the committing magistrate.

DUTY OF COURT AS TO BAIL.—The authority and discretion of a Court having jurisdiction of an offense should be exercised in admitting to bail, increasing or reducing bail, etc., whenever substantial justice may be thereby promoted.

PRESUMED GUILT.—If a party be committed for an alleged offense, and an indictment be found against him by a Grand Jury, in a proceeding as to increasing or diminishing his bail, he will be assumed to be guilty.

BAIL NOT EXCESSIVE.—Where a party was held to answer a charge of attempting to commit murder, and the Grand Jury found an indictment against him for an assault with an attempt to commit murder. *Held:* that bail fixed by the committing magistrate in the sum of fifteen thousand dollars, is not excessive.

THE petitioner was brought before Mr. Chief Justice WAL-LACE, at chambers, on an application to admit him to bail in a sum less than the amount fixed by the committing magistrate—the Municipal Criminal Court of the City and County of San Francisco having refused to entertain a similar application. The facts are stated in the opinion of the Chief Justice.

*Campbell & Lloyd*, for the Petitioner.

*Darwin*, contra.

By the Court, WALLACE, C. J.:

The prisoner was arrested upon a charge of attempting to murder one Brown, a policeman. An examination had before the Police Court resulted in his being held to answer the charge, bail being fixed at fifteen thousand dollars. The Grand Jury subsequently found a true bill against him for an assault with an attempt to commit murder—a felony punishable by imprisonment in the State Prison for a term of not less than one nor more than fourteen years—and upon this indictment, pending in the municipal Court, he is held to answer.

1. It appears by the petition for the writ that, after the indictment had been transmitted to the latter Court, an application to admit the prisoner to bail was denied by the Court, by reason of a supposed absence of power to hear the application. The order of the Court declining to fix the amount of bail upon the indictment pending before it was placed upon the ground "that the said bail had been fixed by the committing magistrate." With much respect for the expressed views of the learned Judge of the Municipal Court, I find myself unable to give them my assent in this instance. It cannot be correctly affirmed that the action of the Police Court upon the charge before it necessarily oper-

ated to fix the amount of bail to be given on the indictment subsequently found. The charge mentioned in section one hundred and forty-six, and the indictment mentioned in section two hundred and six of the Criminal Practice Act are not the same thing, and the third subdivision of section five hundred and thirteen of the same Act renders it clear, if there had been otherwise any doubt, that the Court in which a criminal indictment is pending has the authority to fix the amount of bail to be given by the prisoner, irrespective of any action theretofore taken by the committing magistrate. Indeed, upon any other view the most mischievous consequences might follow. The committing magistrate might, in a particular instance, have let the prisoner to bail in an amount obviously too small to secure his appearance. Circumstances, too, may have intervened the action of the committing magistrate and the finding of the indictment which would of themselves require a change in the amount of bail fixed in the first instance, so as to afford adequate security upon the one hand, and, at the same time, avoid needless oppression upon the other. The nature of proceedings in bail, and the purpose at which they aim, require that the authority and discretion of the Court having jurisdiction of the offense, to admit to bail, to increase or reduce the amount of bail, etc., should be exercised whenever substantial justice would thereby be promoted.

2. I have looked into the evidence given before the Police Court. I was informed at the argument that none had then been offered upon the part of the prisoner, and certainly none was offered before me. Allusions were made by the prisoner's counsel to the supposed bad character of some of the witnesses upon whose testimony the prisoner is held, but in a proceeding of this nature I cannot enter into a consideration of such matters. I see in the evidence, as reported, nothing inherently improbable in itself. Had the case been brought before me anterior to the action of the Grand Jury

I should even then have had much difficulty in saying that the amount fixed by the Police Court was excessive. An assault made with intent to commit murder, it must be remembered, is an offense of great magnitude; the public wrong and the public insecurity is almost as great in case of murder attempted as in case of murder done. The Police Court heard the witnesses testify, and it seems to have considered them not altogether unworthy of belief; since then the Grand Jury have presented an indictment against the prisoner for the same offense. Under the circumstances, even in view of the action of the Police Court, I am bound to assume his guilt for the purpose of this proceeding—for certainly I have here no means of determining his innocence—to say nothing of the principle of law that, except for the purpose of a fair and impartial trial before a petit jury, the presumption of guilt arises against the prisoner upon the finding of an indictment against him. Assuming then that the defendant is guilty of the offense charged, is the sum of fifteen thousand dollars excessive as being the amount in which he is to be let to bail? Were the proceedings before me original in their character this particular sum might not be fixed upon as the amount of bail to be given; the inquiry here, however, is whether the sum fixed upon by the Police Court is excessive in amount. In order to constitute it "excessive" it must be, *per se,* unreasonably great and clearly disproportionate to the offense involved, or the peculiar circumstances appearing must show it to be so in the particular case. Here there are no peculiar circumstances shown, and certainly I cannot undertake to say, as matter of law, that fifteen thousand dollars is excessive bail to be demanded of one assumed to be guilty of the offense of assault with intent to commit murder.

The prisoner must be remanded, and it is so ordered.