[No. 10,403.]

Ex Parte J. C. DUNCAN, on Habeas Corpus.

HABEAS CORPUS—REDUCTION OF BAIL.—In proceedings on *habeas corpus*, where the petitioner has been indicted, his guilt will be assumed upon an application for reduction of bail.

SAME.—This Court will not assume the functions of the Court committing the prisoner to bail; and to authorize interference the bail demanded must be *per se* excessive.

SAME—EXCESSIVE BAIL.—The sum of one hundred and twelve thousand dollars is not excessive bail for ten distinct felonies—such being the amount alleged to have been received by the prisoner, by reason of the commission of such felonies.

Petitioner having been held to bail by the Municipal Criminal Court of San Francisco in the sum of one hundred and twelve thousand dollars on ten indictments for felonies—being for forgery, grand larceny, and embezzlement, the sums alleged to have been stolen, etc., aggregating one hundred and twelve thousand dollars—prayed this Court that the amount of bail be reduced to fifty thousand dollars.

*A. A. Cohen*, for Petitioner.

*Murphy & Darwin*, *Contra.*

By the Court:

As observed at the argument, we must assume *in this proceeding* that the petitioner *is guilty of the ten distinct felonies* of which he is indicted.  We must assume his guilt, though when he shall be tried it may be made to appear that he is wholly innocent of all the charges.

We said in *Ex parte Ryan*, 44 Cal. 558, that "except for the purpose of a fair and impartial trial before a petit jury, the presumption of guilt arises against the prisoner upon the finding of an indictment against him," and this must be taken to be the settled rule.

Assuming, then, that the prisoner is guilty of these several felonies, we are asked to say that the bail demanded of him in the Municipal Criminal Court is "*excessive*," within the inhibition of the Constitution.

The question is not whether we would have exacted so great a sum in the first instance had the proceedings to let him to bail been originally before us; in other words, the inquiry is not whether a mere difference of opinion may have been developed between this Court and the Municipal Criminal Court as to the amount of bail to be exacted in the case.  We are not to assume in this case the functions of the Court committing the prisoner, or substitute our own for its judgment in fixing the amount of bail.  Before we are authorized to interfere the bail demanded must be, (as was said in *Ryan's Case, supra*) "*per se* unreasonably great and clearly disproportionate to the offense involved," etc.

A case might, of course, be presented in which the amount of bail demanded would be so great as to shock the common sense, and be seen to be utterly disproportionate to the offense charged, and in such a case it would be our duty to interfere. But the present case is not seen to be one of that character.

Prisoner remanded.