[No. 20631. In Chambers. — December 26, 1889.]

## IN RE FRANK J. WILLIAMS, ON HABEAS CORPUS.

CRIMINAL LAW — ADMISSION TO BAIL — DISCRETION OF LOWER COURT
OVER AMOUNT OF BAIL. — The supreme court will not interfere with
the discretion exercised by the court in which the indictment is found
in the matter of fixing the amount of bail, unless it appears *per se* that
the amount fixed is unreasonably great, and clearly disproportionate to
the offense involved.

ID. — CONSIDERATIONS DETERMINING AMOUNT OF BAIL. — The determina-
tion of what is disproportionate to the offense involved does not
depend alone upon the amount of money which may have been lost to
one party, or secured to another, by reason of the offense, but rather
upon the moral turpitude of the crime, the danger resulting to the
public from the commission of such offenses, and the punishment
imposed or authorized by law therefor.

APPLICATION for a writ of *habeas corpus*. The facts are
stated in the opinion of the court.

*Carroll Cook*, for Petitioner.

Fox, J.— The return to the writ in this case shows
that the petitioner is held on a bench-warrant regularly
issued out of the superior court of the city and county of
San Francisco, upon an indictment found by the grand
jury, charging him with the crime of forgery, a felony
punishable by imprisonment in the state prison not
less than one nor more than fourteen years, and upon
which warrant an order has been regularly indorsed,
admitting the prisoner to bail in the sum of eight thou-
sand dollars. The application is in form to be admitted
to bail, but upon the hearing the party asks for a reduc-
tion of bail.

This court or its justices will not interfere with the
discretion exercised by the court in which the indict-
ment is found in the matter of fixing the amount of
bail, unless it shall appear *per se* that the amount fixed
is unreasonably great, and clearly disproportionate to
the offense involved. (*Ex parte Ryan*, 44 Cal. 555; *Ex
parte Duncan*, 53 Cal. 410; 54 Cal. 75.)

The determination of what is disproportionate to the offense involved does not depend alone upon the amount of money which may have been lost to one party, or secured to another, by means of the offense, but it depends rather upon the moral turpitude of the crime, the danger resulting to the public from the commission of such offenses, and the punishment imposed or authorized by law therefor. I cannot say that in this case there has been any abuse of discretion, or that the amount already fixed is disproportionate to the offense involved. The writ is discharged, and the prisoner remanded.