[Crim. No. 136.   First Appellate District.—March 24, 1908.]

## Ex Parte ABRAHAM RUEF, on Habeas Corpus.

CRIMINAL LAW—BAILABLE OFFENSES—EXCESSIVE BAIL.—Under the provisions of the state constitution all persons charged with crime in other than capital cases are bailable, and excessive bail shall not be required.   Yet bail is not to be deemed excessive merely because the person under indictment cannot give the bail required.

ID.—PURPOSE OF BAIL.—Bail should not be exacted for the purpose of punishing a person charged with crime; but is exacted for the purpose of securing the attendance of the defendant upon the court at all times when the same may be lawfully required, and his rendering himself in execution of any judgment that may be pronounced against him.

ID.—APPLICATION FOR BAIL AFTER INDICTMENT—PRESUMPTION OF GUILT.—Upon an application for bail after an indictment returned or information filed, the court must assume that the defendant is guilty of the offense with which he is charged.

ID.—REDUCTION OF EXCESSIVE BAIL ON HABEAS CORPUS—ABUSE OF DISCRETION ESSENTIAL.—In an application to this court on *habeas corpus* for a reduction of bail on the ground that the amount fixed by the trial court is excessive, it must be clearly shown to be excessive; and the discretion of the trial court will not be interfered with unless it clearly appears that the court has abused its discretion, and that the bail demanded by it is *per se* unreasonably great, and clearly disproportionate to the offense involved.

ID.—LARGE NUMBER OF INDICTMENTS—PROBABILITIES TO BE CONSIDERED. Where a large number of indictments have been returned, it should be considered that the greater the number of indictments the greater is the probability of conviction, and the greater is the inducement for the defendant to flee from justice; and the greater the amount of the wealth of the defendant, the more readily he could give a large bail, and the more readily could flee to some country where he could live on his possessions.

ID.—SERIOUS NATURE OF OFFENSE OF BRIBERY.—The court should also consider the serious nature of the offense of bribery with which the defendant is charged, that its effect upon the public is of the utmost gravity, and that the bribery of legislative officers corrupts the very foundation of government, and affects every citizen of the commonwealth.

ID.—REINDICTMENTS FOR SAME OFFENSE NOT TO BE CONSIDERED—EXCESSIVE BAIL.—Where there are reindictments for the same offense,

such reindictments cannot be considered in the fixing of bail; and in so far as they have been considered by the trial court in fixing the amount of bail, such bail must be deemed excessive in that regard, and must be reduced to the extent of all reindictments.

APPLICATION for reduction of bail upon *habeas corpus*.

The facts are stated in the opinion of the court.

Frank J. Murphy, Henry Ach, and M. C. Chapman, for Petitioner.

Francis J. Heney, for Respondent.

HALL, J.—The petitioner, Abraham Ruef, asks the court to admit him to bail upon divers indictments now pending against him in the superior court of the city and county of San Francisco. Bail has been fixed upon each charge by order of the superior court, so that the proceeding before us is in effect an application for a reduction of the bail heretofore fixed by the court in which the indictments are pending.

There are now pending one hundred and sixteen indictments against petitioner, in each of which he is charged with bribing a member of the board of supervisors of the city and county of San Francisco. The bail was fixed by the superior court at the sum of $10,000 upon each charge, save as to indictments designated as Nos. 1184 to 1192, inclusive, upon which the bail was fixed at $5,000 upon each charge.

In his affidavit petitioner sets up that thirty-seven of the indictments are duplicates, or reindictments of petitioner for offenses charged in other of the indictments. The reindictments are those designated by the numbers 810 to 823, both numbers inclusive, 841 to 854, both numbers inclusive, and 1184 to 1192, both numbers inclusive. This was not denied by the district attorney, although his attention was specially called to the matter at the hearing before this court, and we have, therefore, accepted this statement as the truth.

Petitioner claims that the bail is excessive, and alleges that he cannot give it.

By the express provision of the constitution of this state all persons shall be bailable, except for capital offenses, when the proof is evident or the presumption great, and excessive

bail shall not be required. Bail is not to be deemed excessive, however, simply because the particular person under indictment cannot give the bail required. Bail should not be exacted for the purpose of punishing a person charged with crime, for no man is punishable for a felony except on his plea of guilty, or upon conviction by a jury of his peers. Bail is exacted for the purpose of securing the attendance of the defendant upon court at all times when his attendance may be lawfully required, and his rendering himself in execution of any judgment that may be pronounced against him.

Upon an application to admit to bail after indictment returned or information filed, the court must assume that the defendant is guilty of the offense with which he is charged. In an application to this court upon *habeas corpus*, for a reduction of bail upon the ground that the amount fixed by the trial court is excessive, this court will not interfere unless it clearly appears that the amount fixed is excessive. It is not sufficient that this court might originally have deemed a lesser amount sufficient. It must clearly appear that the trial court has abused its discretion before this court will reduce the amount. (*Ex parte Williams*, 82 Cal. 183, [23 Pac. 118]; *Ex parte Ryan*, 44 Cal. 555; *Ex parte Duncan*, 53 Cal. 410, 54 Cal. 75.)

We have not been cited to a single case in this state, nor have we found one where, after bail had once been fixed by a trial court, the amount required has been reduced by the supreme court. Upon the contrary, it has been uniformly held that the appellate court will not interfere with the action of the trial court unless "the bail demanded be *per se* unreasonably great, and clearly disproportionate to the offense involved." (*Ex parte Duncan*, 54 Cal. 75.)

In the Duncan case it was distinctly laid down that it must be assumed that the defendant was guilty of each of the ten distinct offenses charged against him (53 Cal. 410); and upon a second application after two trials had been had without a conviction it was held that this presumption still prevailed. In the Duncan case the bail was in the aggregate $112,000 upon ten indictments, and the offense charged was embezzlement, for which the maximum penalty is ten years upon each conviction. In the case at bar the maximum penalty is fourteen years upon each conviction. And in the Duncan case a reduction in bail was refused even after two trials without a

conviction. It has been urged with much earnestness that the court should not exact as great bail upon each of a great number of indictments as it would upon each of a lesser number, for at most the imprisonment could not in any event exceed the term of the defendant's life. While this argument from one aspect of the case has some force, upon the other hand the greater the number of indictments the greater the probability of conviction. The greater the probability of conviction the greater the inducement to a defendant to become a fugitive from justice. The petitioner shows by his affidavit that he is a man of means, and now engaged in improving his holdings in San Francisco. How much he is worth does not appear, but the greater the amount of his wealth the more readily he could give a large bail, and the more readily he could flee to some country where perhaps he could live in comfort on his possessions. The offense of bribery, with which petitioner is charged, is one that is justly regarded as particularly serious. It is, in its effect upon the public welfare, of the utmost gravity. The bribery of legislative officers corrupts the very foundation of government, and affects every citizen of the commonwealth. These are all proper matters to be considered in fixing bail after indictment found. As was said in *Ex parte Duncan*, 54 Cal. 75: "We are not to assume, in this case, the functions of the court committing the prisoner, or substitute our own for its judgment in fixing the amount of bail. Before we are authorized to interfere, the bail demanded must be *per se* unreasonably great, and clearly disproportionate to the offense involved." After a careful consideration of the matters presented we do not think that this court is warranted in interfering with the matter of bail as fixed by the court to which the indictments were returned, save as to the indictments that are reindictments for the same offense charged in prior indictments.

These duplicate indictments present another phase of the question. No one will for one moment contend that any person should be twice punished for the same crime; and the constitution of the state expressly provides that "No person shall be twice put in jeopardy for the same offense." (Const., art. I, sec. 13.)

When the trial court fixed the bail at $10,000 upon each of the original indictments, it necessarily determined that

such sum was sufficient to secure the attendance of the defendant to answer to the offense charged in such indictment. We cannot see that the amount should be doubled because another indictment is filed for the same offense, which is the effect of requiring the same amount on the reindictment. If this were allowed, a defendant indicted five times for one offense could be required to give bail in an amount five times as great as the court should determine to be sufficient for the one offense. This, we think, would work a manifest injustice, and result in the exaction of clearly excessive bail.

The court fixed the bail upon each charge of bribery at $10,000, and thus determined that this was a sufficient sum to fix as bail for the offense charged. Any considerable bail required under these circumstances upon a second indictment for the same offense must be *per se* excessive, and clearly contrary to the spirit of our laws, and especially of the constitution of this state. We are of the opinion that defendant should be admitted to bail upon the so-called reindictments, to wit, in cases designated as numbers 810 to 823, and 841 to 854 and 1184 to 1192, in a nominal amount.

While the amount of the bail that will still be required of petitioner under the order which we make in this proceeding will be large in the aggregate, it must be remembered that under the law and the constitution of the state he is entitled to a speedy trial. It must be assumed that the law will be complied with in this respect.

We have made an order in accordance with the views herein expressed simultaneously with the filing herewith.

Cooper, P. J., and Kerrigan, J., concurred.