[Crim. No. 612. Second Appellate District.—June 17, 1918.]

## In the Matter of the Application of SEYMOUR J. THURBER for a Writ of Habeas Corpus.

EXTRADITION—DUTY OF GOVERNOR.—Where a person is properly charged with the commission of a crime under the laws of another state while within its jurisdiction, after which he departs from such state and is found within this state, it is the duty of the Governor, upon the presentation of proper documents, to honor the requisition made by the Governor of such state, and neither the executive nor the courts of this state have the right to inquire into the question of his guilt or innocence.

ID.—FUGITIVE FROM JUSTICE.—The expression "fugitive from justice," as used in the Revised Statutes, section 5278, regulating the extradition of fugitives from justice, has reference to a person who, having within the state committed that which by its law constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, has left its jurisdiction and is found in the territory of another state.

ID.—HABEAS CORPUS—SCOPE OF INQUIRY.—On habeas corpus by one arrested on an extradition warrant, inquiry may only be made into the question of fact as to whether the accused was within the territory of the other state when the alleged offense was committed.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Wm. M. Morse, Jr., and S. M. Johnstone, for Petitioner.

Thomas Lee Woolwine, District Attorney, and J. W. Joos, Deputy District Attorney, for Respondent.

SHAW, J.—Petitioner, who is in custody under a warrant issued by the chief executive of this state on a requisition made by the Governor of Illinois, seeks his discharge therefrom upon the grounds: First, that he is not a fugitive from justice; and, second, alleged insufficiency of the information which charges him with the crime of abandoning his wife and minor child, who were in destitute circumstances, without providing them with means of support.

In our opinion, there is no merit in either point. The first contention is supported by affidavits which, in effect, tend to show that, prior to his leaving the state of Illinois, petitioner had made provision for the support of his wife and child, from which facts, if true, petitioner argues that he is innocent of the offense charged against him, and, therefore, could not be a fugitive from the justice of the demanding state. The expression "fugitive from justice," as used in the Revised Statutes, section 5278, [3 Fed. Stats. Ann., 2d ed. p. 285; U. S. Comp. Stats. 1916, sec. 10,126], regulating the extradition of fugitives from justice, has reference to a person, who, having within the state committed that which by its law constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense, has left its jurisdiction and is found in the territory of another state. (*Roberts* v. *Reilly*, 116 U. S. 80, [29 L. Ed. 544, 6 Sup. Ct. Rep. 291]; Bailey on Habeas Corpus, sec. 129.) The authorities go no further than to hold that inquiry may be made into the question of fact as to whether the accused was within the territory of the state when he is alleged to have committed the offense charged against him. If it be made to appear that he was not, then he could not have fled therefrom and could not be a fugitive from justice. (*Ex parte Reggel*, 114 U. S. 642, [29 L. Ed. 250, 5 Sup. Ct. Rep. 1148]; *Bruce* v. *Rayner*, 124 Fed. 481, [62 C. C. A. 501].) Petitioner, however, concedes that he was in the state of Illinois at the date when the alleged offense was committed; hence such question of fact is not involved. He may, as claimed by counsel and as shown by the affidavits, be innocent of the offense charged against him, but neither the Governor upon whom demand is made for his requisition nor the courts of this state can inquire into the question of his guilt or innocence. (*Kingsbury's Case*, 106 Mass. 223.) Since no question is raised as to petitioner having been in

the state at the time of the alleged commission of the offense with which he is charged, there can be no doubt as to his being a fugitive from justice when found in this state.

As to the second point, petitioner does not attack the information upon the ground that it fails to allege the commission of an offense, but seeks by his affidavits to show that on the date when the offense is alleged to have been committed, as well as thereafter, he made provision for the support of his wife and child, with whose knowledge and consent he left Illinois. As above stated, the courts of this state are not empowered to inquire into the truth or falsity of the alleged facts constituting the offense. As shown by the record before us, petitioner is properly charged with the commission of a crime under the laws of the state of Illinois while within its jurisdiction, after which he departed from said state, and having been found in this state, it was the duty of the Governor thereof, upon the documents presented, to honor the requisition made by the Governor of Illinois and issue the warrant under which he is held in the custody of Martin McCormick, an agent of the demanding state, for return thereto to answer the charge.

It is, therefore, ordered that petitioner be remanded to custody.

Conrey, P. J., and James, J., concurred.