MARRERO, PETITIONER AND APPELLANT, *v.* PEOPLE, CONTESTANT AND APPELLEE.

APPEAL from the First District Court of San Juan in a Habeas Corpus Proceeding.

No. 2086.—Decided May 28, 1923.

BAIL—APPEARANCE.—The object of bail is not to punish the person charged with an offense, but to insure his appearance before the court whenever he may be legally cited to appear.

ID.—AMOUNT OF BAIL.—The amount of bail does not depend exclusively upon the sum of money that a person may have lost or another may have obtained by the commission of the offense, but is rather based upon the moral depravity of the crime, the consequent danger to the public and the penalty imposed or authorized by law for such an offense.

ID.—ID.—EXCESSIVE BAIL.—Excessive bail should not be required, and in fixing the amount of the bond the court should be guided by the conditions and resources of the accused, the nature of the crime, the existent probabilities of guilt and the sex, station in life and connections of the accused.

The facts are stated in the opinion.

*Mr. R. Díaz Collazo* and *Mr. R. Martínez Nadal* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A petition in habeas corpus having been filed in the First District Court of San Juan, the writ was issued and after hearing the pleadings and the evidence of the petitioner and of the district attorney, on May 2, 1923, the court entered the following order:

"The court finds from the facts developed by the evidence examined at the trial that this case is not similar to any of the cases cited by the petitioner in support of the petition and that the bail required is not excessive and should not be reduced. The writ of habeas corpus is discharged."

The petitioner appealed to the Supreme Court, citing in support of his contention its decisions in the cases of *People* v. *Pillot,* 19 P. R. R. 250; *Barreal* v. *Labiosa,* 27 P R. R. 43, and many decisions of the Supreme Court of California. At the hearing the *Fiscal* maintained that the facts of the case justified the amount of the bail.

There is no doubt in regard to the rules applicable. It is well settled that bail is not required for the purpose of punishing the accused person, but it is to insure his presence before the court whenever he may be lawfully summoned to appear (*Ex parte Ruef,* 96 Pac. 24); that its amount does not depend exclusively on the sum of money that a person may have lost or another may have obtained by the commission of the crime, but is based rather upon the moral depravity of the crime, the consequent danger to the public and the penalty imposed or authorized by law for the crime (*In re Williams,* 82 Cal. 183); that excessive bail should not be required, and in fixing its amount the court should be guided by the conditions and resources of the accused, his poverty, the nature of the crime, the existing probabilities of guilt and the sex, station in life and connections of the accused (*People* v. *Pillot,* 19 P. R. R. 251), and that the Supreme Court will not interfere with the discretion exercised by the trial court in fixing the amount of the bail,

unless it appears *per se* that it is unreasonably high or clearly out of proportion to the offense charged. *In re Williams, supra.*

The record shows that while holding the office of clerk of the First District Court of San Juan the petitioner was arrested by order of the district attorney to answer for a crime of embezzlement. The money embezzled amounted to more than $20,000. Bail was fixed at $15,000. The evidence of the petitioner at the hearing on his petition consisted of his own testimony and that of his son Emilio. It tends to show that neither the defendant, nor his wife, nor his near relatives are wealthy and that the petitioner has no social relations that could enable him to give bail in the amount required. The evidence of the district attorney consisted of the testimony of an inspector of accounts of the office of the Auditor of Porto Rico named Santos G. Ramírez and of a paying-teller of the American Colonial Bank named Ramiro Lázaro. It tends to show that shortly before he was arrested the petitioner cashed in the bank official checks amounting to more than $13,000, which amount was not put into the safe in the clerk's office.

Although the foregoing shows that the crime charged is a felony alleged to have been committed by a public official, which makes it the more reprehensible, considering the slight probability that a defendant can escape from the Island, the court is of the opinion, in the light of the jurisprudence cited, that the amount of the bail is excessive and should be reduced to $7,000.

*Reversed and substituted.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.