Marrero, Peticionario y Apelante, *v.* El Pueblo, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en un procedimiento de *habeas corpus.*

No. 2085.—Resuelto en mayo 28, 1923.

Fianza Provisional—Comparecencia del Acusado.—La fianza no se fija con el fin de castigar a la persona acusada y sí con el propósito de asegurar la presencia de ésta ante la corte en cualquier momento en que sea legalmente requerida para ello.

Id.—Cuantía de la Fianza Provisional.—La cuantía de una fianza provisional no depende solamente de la suma de dinero que una persona haya podido perder u otra obtener mediante el delito, sino que depende más bien de la depravación moral del delito, del peligro consiguiente para el público y del castigo impuesto o autorizado por la ley para el mismo.

Id.—Fianzas Excesivas—Circunstancias que deben Considerarse al Fijar Fianza Provisional.—No deben exigirse fianzas excesivas y la corte tendrá en cuenta para fijarlas las condiciones y recursos de que dispone el detenido, su estado de pobreza, la naturaleza del delito, las probabilidades de culpabilidad que puedan existir, así como el sexo, rango y relaciones del acusado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Díaz Collazo y R. Martínez Nadal.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Presentada una solicitud de *habeas corpus* en la Corte de Distrito de San Juan, Primer Distrito, el auto fué expedido y oídas las alegaciones y las pruebas del peticionario y del fiscal, la corte, el 2 de mayo en curso, dictó la siguiente resolución:

"La corte estima que las circunstancias de este caso como se desprende de la evidencia aducida en la vista, no es igual a ninguno de los casos que ha citado la parte en apoyo de la petición; que la fianza fijada no es excesiva; mantiene esa fianza y anula el auto de *habeas corpus.*"

No conforme el peticionario apeló para ante esta Corte Suprema, citando en apoyo de su contención nuestras decisiones en los casos de *El Pueblo* v. *Pillot,* 19 D. P. R. 262, *Barreal* v. *Labiosa,* 27 D. P. R. 46, y muchas otras decisiones de la Corte Suprema de California. El fiscal en el acto de la vista sostuvo que las circunstancias del caso justificaban la cuantía de la fianza.

No hay duda alguna en cuanto a los principios aplicables. Está bien establecido que la fianza no se fija con el fin de castigar a la persona acusada y sí con el propósito de asegurar la presencia de ésta ante la corte en cualquier momento en que sea legalmente requerida para ello: *Ex parte Ruef,* 96 Pac. 24; que su cuantía no depende solamente de la suma de dinero que una persona haya podido perder u otra obtener mediante el delito, sino que depende más bien de la depravación moral del delito, del peligro consiguiente para el público y del castigo impuesto o autorizado por la ley para el mismo: *In re Williams,* 82 Cal. 183; que no deben exigirse fianzas excesivas y la corte tendrá en cuenta para fijarlas las condiciones y recursos de que dispone el detenido, su estado de pobreza, la naturaleza del delito, las probabilidades de culpabilidad que puedan existir, así como el sexo,

rango y relaciones del acusado: *El Pueblo* v. *Pillot*, 19 D. P. R. 264, y que la Corte Suprema no intervendrá con la discreción ejercitada por la corte que conoce de la causa en cuanto a la fijación del montante de la fianza, a menos que aparezca *per se* que el montante fijado es irrazonablemente alto o claramente desproporcionado con la ofensa envuelta: *In re Williams, supra.*

Los autos demuestran que el peticionario desempeñando el cargo de Secretario de la Corte de Distrito de San Juan, Primer Distrito, fué detenido por orden del fiscal para responder de un delito de malversación de fondos confiados a su custodia. Los fondos malversados ascendían a más de veinte mil dólares. La fianza se fijó en quince mil. La prueba del peticionario en el acto de la vista de su solicitud consistió en su propia declaración y en la de su hijo Emilio. Ambas tienden a demostrar que ni el acusado, ni su mujer, ni sus parientes cercanos tienen bienes de fortuna y que el peticionario carece de relaciones sociales que le permitan prestar una fianza en la cuantía exigida. La prueba del fiscal consistió en las declaraciones del investigador de cuentas de la Auditoría de Puerto Rico, Santos G. Ramírez, y del pagador del American Colonial Bank, Ramiro Lázaro. Ambas tienden a demostrar que poco antes de ser detenido el peticionario hizo efectivos en el banco cheques oficiales por valor de más de trece mil dólares, cuyo importe no fué ingresado en la caja de la secretaría.

Si bien lo expuesto revela que se trata de un delito grave que se alega cometido por un funcionario público, lo que lo hace más reprensible todavía, dadas las pocas probabilidades que existen en la isla de que un acusado pueda escapar, opina el tribunal, a la luz de la jurisprudencia citada, que la fianza fijada es excesiva y que su cuantía debe rebajarse a siete mil dólares.

> *Revocada la resolución apelada y fijada la fianza en $7,000.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.