[Crim. No. 1496.  Second Appellate District, Division One.—May 5, 1927.]

In the Matter of JOHN M. JACKSON for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—EXTRADITION—FELONY—WARRANT OF ARREST ISSUED BY PROBATE JUDGE OF SISTER STATE—AUTHORITY TO ISSUE WARRANT.—An extradition proceeding may be had against one accused of a felony in another state upon a warrant issued by a probate judge thereof where, under the laws of said state, the probate judge is authorized to issue warrants of arrest in a felony case and to conduct a preliminary examination to secure the presence of defendant to answer the charges against him if indicted by the grand jury.

[2] ID.—FLIGHT—EVIDENCE.—In an extradition proceeding, a verified complaint against defendant, made before a magistrate in another state, is *prima facie* evidence of the fact stated therein that the accused was in said state at the time of the alleged offense (subject to his right to prove that he was not), and that therefore he could not have fled therefrom and could not be a fugitive from justice.

[3] ID. — PROCEEDINGS BEFORE MAGISTRATE OF SISTER STATE—COMPLAINTS SWORN TO BY ALLEGED ACCOMPLICE — EVIDENCE—HABEAS CORPUS. — In such a proceeding, the accused is not entitled to release on *habeas corpus* on the ground that the complaints against him were sworn to by an accomplice, whose testimony is required to be corroborated under the laws of said state, where there was no evidence showing that such person was shown to be an accomplice in the proceedings before the magistrate in the other state; and the question as to whether or not such person was an accomplice was an issue of fact to be determined in the court where accused is to be tried.

(1) 25 C. J., p. 261, n. 26.    (2) 25 C. J., p. 261, n. 25.    (3) 25 C. J., p. 264, n. 62.

PROCEEDING in Habeas Corpus to secure release from custody under warrants of extradition.  Writ discharged and petitioner remanded.

1. See 11 R. C. L. 739.

2. Showing that accused is fugitive from justice, note, 112 Am. St. Rep. 121.  See, also, 12 Cal. Jur. 397, 399; 11 R. C. L. 733.

3. Right to be heard upon merits of the charge against accused, note, 21 L. R. A. (N. S.) 939.

The facts are stated in the opinion of the court.

C. M. Fickert and F. H. Bowers for Petitioner.

Asa Keyes, District Attorney, Tracy Chatfield Becker, Deputy District Attorney, and Willis I. Morrison for Respondent.

CONREY, P. J.—In response to petition of John M. Jackson, now in custody of the sheriff of Los Angeles County, a writ of *habeas corpus* was issued, to which return was duly made by the sheriff, and a traverse thereto by petitioner. Evidence was presented, and the matter was then argued and submitted for decision.

The subject matter hereof rests upon an extradition proceeding. Petitioner has been arrested and is in custody pursuant to four certain warrants of arrest issued by the Governor of California, in accordance with representations and requisitions proceeding from the Governor of Alabama.

The petition herein alleged that said executive warrants and extradition papers are insufficient, and that the Governor of California was without jurisdiction to issue said warrants for arrest of petitioner as a fugitive from justice in this, that there was no evidence presented to the Governor of California or to the Governor of Alabama showing or tending to show that petitioner was a fugitive from justice; and in this, that no legal criminal proceedings have been instituted against petitioner in the state of Alabama as required by law, and that the judge of probate court in Alabama by whom the original warrant of arrest was issued in that state had no jurisdiction to issue a warrant in a felony case, and that the judge of said probate court has no criminal jurisdiction.

The requisitions presented to the Governor of California were accompanied by copies of the several affidavits, complaints, and warrants, all of which were by the Governor of Alabama certified to be authentic in accordance with the laws of that state. In each case the affidavit of the complaining witness charged against said John M. Jackson the commission of a felony in the county of Baldwin, state of Alabama, on the seventh day of July, 1926, and that said John M. Jackson on said date, and at the time of the com-

mission by him of said offense, was physically present in said county of Baldwin. On the basis of that complaint, sworn to and subscribed before the judge of probate of the county of Baldwin, that judge issued his warrant of arrest. On the basis of those proceedings the Governor of Alabama issued his requisition, and on the same foundation, through said authenticated copies of the affidavits, complaints, and warrants, the Governor of California ordered the arrest of petitioner as a fugitive from justice.

[1] It is true, as contended by petitioner, that under the constitution of Alabama the offense charged against petitioner being in each case an indictable offense, he could not be proceeded against criminally by information, but could be prosecuted only by indictment. While it follows as a consequence that a magistrate would have no authority to order that a defendant be held in custody to be prosecuted by information for the felony charged against him, this does not prevent a magistrate from examining into a complaint and holding a defendant to await the action of a grand jury. In accordance with the statutes of Alabama which have been submitted for our consideration in connection with this matter, judges of probate are magistrates, authorized to act within their respective counties. Provisions are made by the statutes for complaints in criminal cases; for examinations and depositions to be taken before magistrates; and for warrants of arrest to be issued by such magistrates when reasonably satisfied from the depositions "that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant is guilty thereof." The purpose of the preliminary examination and arrest is to secure the presence of the defendant to answer the charges brought against him if indicted by the grand jury. The complaint before the magistrate and warrant of arrest issued by him relate only to preliminary proceedings and are not violative of the constitutional provision against prosecutions by information, of indictable offenses. We think that the direct evidence to which we have referred was sufficient to authorize the Governor of Alabama and in turn to authorize the Governor of California to find that petitioner was within the county of Baldwin, in the state of Alabama, at the time of the alleged commission of crime by

82 Cal. App.—46

him. This fact and the fact that he is found within the state of California, and the further fact that the preliminary proceedings before the probate judge of Baldwin County and the warrant issued by the judge appear to have been in accordance with law, taken together, are sufficient to constitute a sufficient answer to the petitioner's attack herein on the extradition proceedings. **[2]** While the verified complaint before the magistrate would not be accepted in this proceeding as conclusive proof that petitioner was in Baldwin County, Alabama, at the date of the alleged offense, it is *prima facie* evidence of the fact, sufficient to authorize the action of the respective Governors, and likewise sufficient here; subject only to the right of petitioner in this proceeding to prove by satisfactory evidence that in fact he was not within the state of Alabama at the stated time, and that therefore he could not have fled therefrom and could not be a fugitive from justice. But he has made no effort to produce such evidence here. Therefore, we are satisfied that for the purposes of this proceeding he should be considered as having been a fugitive from justice. (*In re Thurber*, 37 Cal. App. 571 [174 Pac. 112]; *Bassing v. Cady*, 208 U. S. 386 [13 Ann. Cas. 905, 52 L. Ed. 540, 28 Sup. Ct. Rep. 392, see, also, Rose's U. S. Notes].)

**[3]** By his traverse to the return and by evidence produced at the hearing in this proceeding, petitioner has attempted to establish the fact that James M. Smith, who made the sworn complaints before the probate judge, was an accomplice in the commission of the alleged offenses, if any were committed, and that therefore his arrest on any complaint verified solely by such accomplice is contrary to law. Section 5635 of the Penal Code of Alabama provides that a conviction of felony cannot be had on testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and that such corroborative evidence, if it merely shows the commission of the offense, or the circumstances thereof, is not sufficient. It has been held by the supreme court of Alabama that the effect of such statute is to stamp a policy upon the administration of the law to such effect that a magistrate may not lawfully require a citizen to be held to the grand jury on testimony solely of an accomplice, since that is testimony upon which, without corroboration,

no petit jury could possibly convict him.    (*State* v. *Smith,* 138 Ala. 111 [100 Am. St. Rep. 26, 35 South. 42].)

Assuming, without so deciding, that under the above-cited decision of the supreme court of Alabama petitioner would not be subject to extradition under proceedings founded solely upon the complaint and testimony of an accomplice, we have considered his affidavit and the testimony which identifies J. M. Smith as the person signing certain exhibits of date July 15, 1926. Giving to this evidence full credit, it does not establish the claim of petitioner that Smith was an accomplice in the alleged crimes. As to three of the charges there is no evidence at all tending to connect Smith with them; and as to the fourth offense (the transaction with one Moorer) the evidence does not satisfactorily prove that Smith was an accomplice in the crime charged. Moreover, there is no evidence tending to show that in the proceedings before the magistrate in Alabama there was any evidence which would establish that Smith was an accomplice. This issue of fact is so related to the merits of the principal case that it should be determined in the court where that case is to be tried, and not in this proceeding.

The writ is discharged and the prisoner is remanded to custody.

Houser, J., and York, J., concurred.