[Crim. No. 1821. Second Appellate District, Division One.—May 16, 1929.]

In the Matter of the Application of CALLIE GRIMES for a Writ of Habeas Corpus.

Leo D. Dazé for Petitioner.

Buron Fitts, District Attorney, and George B. Bush, Deputy District Attorney, for Respondent.

CONREY, P. J.—On the eighteenth day of February, 1929, in the Superior Court of Los Angeles County, an indictment was returned whereby the petitioner and seven others were charged with the crime of criminal conspiracy, a felony, to wit, a conspiracy to commit the crime of falsely and maliciously procuring another to be charged and arrested for a crime in violation of subdivision 2, section 182, of the Penal Code. Prior to that date petitioner had been a witness before the grand jury in relation to said matter, and knew that the subject of the proposed indictment was being considered. Between the time of the filing of the indictment and issuance of a warrant for petitioner's arrest, she left the state of California. On March 11th she was arrested in the state of Texas, waived extradition proceedings, and returned in the custody of the arresting officers to the county of Los Angeles, California, where she was brought before the Superior Court, and was allowed bail in the sum of $20,000, which she has not been able to procure.

By her petition in this proceeding, petitioner alleges that said amount of bail is *per se* unreasonably large and disproportionately excessive; that the court abused its discretion in fixing her bail at said sum, especially in view of the fact that each of her co-defendants was admitted to bail in the sum of $2,000.

At this point we will digress from the main issue to take notice of the allegation in the petition that several

bond companies have informed petitioner that for political reasons her bond could not be written, and the further allegation "that in one instance the attorney for your petitioner learned that the district attorney of Los Angeles county had issued instructions that bond should not be written for your petitioner under any circumstances." We venture to suggest that such conduct of the district attorney after an order admitting a defendant to bail would constitute contempt of court and would be an unlawful interference with the order of the court, and that if in fact the attorney for petitioner has knowledge of any such conduct, he might appropriately bring the facts before the proper tribunal, which, however, is not this court or in this proceeding. It must not be inferred, however, that we have given any weight or credence to the charge.

It is not denied by petitioner that she was present in the state of California at the time of the commission of the offense charged in the indictment. The facts show that at the time of her arrest in Texas she was a fugitive from justice. (*In re Jackson*, 82 Cal. App. 719 [256 Pac. 250]; *In re Thurber*, 37 Cal. App. 571 [174 Pac. 112].) The judge by whom the amount of the bail was determined had a right to take that fact into consideration. Upon an application for admission to bail after indictment returned, the court must assume that the defendant is guilty of the offense with which he is charged. Upon an application to a court of appeal for reduction of bail upon the ground that the amount fixed by the court is excessive, it must clearly appear that the trial court has abused its discretion, before a higher court will reduce the amount. (*Ex parte Ruef*, 7 Cal. App. 750, 752 [96 Pac. 24].) It is sometimes stated that in order to justify such interference, the bail demanded must be *per se* unreasonably great and clearly disproportionate to the offense involved. The moral turpitude of the offense, as well as the penalty provided by law, are also matters for consideration in admitting to bail.

In the matter now before us the evidence presented is not convincing of the contention that the amount of bail required by the court is necessarily excessive. The facts which may have been presented to the judge, and upon which he deemed it reasonable to admit the other defendants

to bail in the sum of $2,000, are not before us. On the face of the matter it would be just as reasonable to assume that the bail required of these other defendants was too low in amount as to say that the amount required of this petitioner was excessive. The other defendants did not occupy, as did the petitioner, the unfavorable position of a defendant brought in as a fugitive from justice.

The application for reduction of bail by this court is denied, and the petitioner is remanded to custody.

Houser, J., and York, J., concurred.