[Crim. No. 202. Fourth Appellate District.—May 19, 1930.]

In the Matter of the Application of TSUJI HORIUCHI et al. for a Writ of Habeas Corpus.

David Sokol and Leo Gallagher for Petitioners.

Elmer W. Heald, District Attorney, and Clarence B. Smith, Deputy District Attorney, for Respondent.

AMES, J., *pro tem.*—The petitioners, fourteen in number, were indicted by the grand jury of the county of Imperial for the crime of criminal syndicalism, as defined by an act of the legislature known as the "Criminal Syndicalism Act," approved April 30, 1919 (Stats. 1919, p. 281). Upon their arraignment the Superior Court fixed their bail at fifteen thousand dollars each. They thereupon sued out a writ of *habeas corpus* from this court, and the sole question to be determined is whether or not the amount of bail fixed by the Superior Court is excessive.

It is well settled by the decisions in this state that the Supreme and Appellate Courts will not interfere with the discretion exercised by the court in which the indictment was found, in the matter of fixing the amount of bail, unless it should appear *per se* that the amount so fixed is unreasonably great and clearly disproportionate to the offense involved. (*In re Williams,* 82 Cal. 183 [23 Pac. 118].) It is said in the case of *Ex parte Ruef,* 7 Cal. App. 750 [96 Pac. 24, 25], that "it is not sufficient that this court might originally have deemed a lesser amount sufficient. It must clearly appear that the trial court has abused its discretion before this court will reduce the amount." (*Ex parte Duncan,* 53 Cal. 410; *Ex parte Duncan,* 54 Cal. 75.)

For the purpose of fixing the amount of bail this court will assume the guilt of the accused. In *Ex parte Duncan,* 53 Cal. 410, the Supreme Court said: "We must assume in this proceeding that the petitioner is guilty of ten distinct felonies of which he is indicted. We must assume his guilt though when he shall be tried it may be made to appear that he is wholly innocent of all the charges." (*Ex parte Ryan,* 44 Cal. 558; *Ex parte Ruef,* 7 Cal. App. 750 [96 Pac. 24].)

Another question to be weighed by this court in reviewing the order by the Superior Court is the character of the crimes with which the petitioners are charged, the moral turpitude involved and the dangerous results to the

public from their commission, as well as the punishment imposed or authorized by law (*In re Williams*, 82 Cal. 183 [23 Pac. 118]).

In the light of the principles announced in the foregoing decisions, an examination of the indictment found in this case will be enlightening. It contains three counts, the first one of which was drawn under subdivision 4 of section 2 of the act of the legislature above cited. The second count charges the commission of the crime of criminal syndicalism in the language of subdivisions 1 and 2 of section 2 of said act, and further amplifies the charges against said petitioners in the following language: "did then and there willfully, unlawfully and feloniously publish, issue, circulate, and publicly display certain books, papers, pamphlets, documents, posters and written and printed matter in other forms containing and carrying written and printed advocacy of teaching and aid and abetment of, and advising criminal syndicalism, to-wit, by spoken words and personal conduct advocating terrorism and advising the commission of crime, sabotage and other willful and malicious damage and injury to property and particularly advocating the overthrow of the United States Government by means of force and violence, and advocating unlawful destruction of cantaloupe shipping sheds in Imperial County, cantaloupe crops and railroad property in Imperial County, and by advocating unlawful picketing of sheds and fields in Imperial County, and by advocating personal violence to all peace officers, militia and all other law enforcement officers and persons who might attempt to intercede against them and other unlawful acts of force and violence and unlawful methods of terrorism as a means of accomplishing a change in industrial ownership and control or to effect political changes." This allegation is followed by a list of titles of twenty-seven pamphlets, circulars and publications, which from the allegations in the indictment would appear to be of an extremely incendiary character, and which it is alleged were published and circulated by petitioners for the purpose of promoting their unlawful objects.

The third count in the indictment alleges a conspiracy on the part of petitioners to use force and violence and unlawful methods, sabotage, strikes and boycotts to bring about a change in industrial ownership and control and as a part

of such plan, scheme and agreement, to teach, advocate and overthrow the United States government, and the unlawful use of force and violence and the unlawful destruction of property, and the unlawful picketing of sheds and fields in Imperial County, and the aiding and abetting, committing and attempting to commit criminal syndicalism, sabotage, violence, unlawful methods of terrorism, strikes and boycotts as a means of accomplishing a change in industrial ownership and control.

In determining whether or not the amount of bail fixed by the Superior Court is excessive it must be further borne in mind that each of the offenses with which petitioners are charged is defined by the statutes as a felony, for which the punishment prescribed is imprisonment in the state prison for not less than one nor more than fourteen years.

At the oral argument upon the return of the writ counsel for the petitioners stated that "It is true that these defendants tried to promote a strike down in Imperial Valley but a strike is not illegal as far as I know." While this statement of counsel, standing by itself, may not be important, yet, when viewed in the light of the allegations in the indictment, it becomes significant. After taking into consideration the gravity of the offenses charged, and accepting the same as true, which we are bound to do, together with the severe penalties which may be imposed by law as punishment for the crimes charged, we are not prepared to say that the amount of bail fixed by the Superior Court is *per se* unreasonably great nor clearly disproportionate to the offenses involved.

It is therefore ordered that the writ be discharged and the petitioners remanded to the custody of the sheriff of Imperial County.

Marks, Acting P. J., and Barnard, J., concurred.