## Ex Parte Candita Collazo, Petitioner.

No. 108. Argued July 23, 1937.—Decided July 28, 1937.

104

*Víctor Gutiérrez Franqui, E. Ramos Antonini, M. Bahamonde, Felipe Colón Díaz* and *E. Huertas Zayas,* for petit'oner. *R. A. Gómez* Prosecuting Attorney and *Luis Janer Assistant Prosecuting Attorney* for The People of Puerto Rico.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

On July 10, 1937 Antonio Buscaglia, Guillermo Hernández, Ramón Morales, and Virgilio Torres were arrested by order of the Assistant Prosecuting Attorney for the District of Ponce under a charge of having committed an offense of attempt to kill. The petitioner in the present habeas corpus proceeding, wife of the defendant Virgilio Torres, was arrested on the same day and confined in the Ponce district jail under a warrant of arrest issued by the same prosecuting attorney, to answer for an alleged violation of Section 37 of the Penal Code, consisting in having acted as an accessory to the same offense of attempt to kill with which her husband and the other three co-defendants are charged. The prosecuting attorney fixed $25,000 as the amount of bail to be given by the defendant Candita Collazo. This was the same amount as that fixed for each of the defendants held as principals in the crime.

On July 10, 1937 the petitioner herein filed in the district court of Ponce a petition for a writ of habeas corpus in which she alleged that she had not committed any offense; that the prosecuting attorney had no proof against her in connection with the offense of which she is charged; and that the bail was excessive, "taking into consideration the nature of the offense, and the social and economic condition, the probability of guilt, and the sex, of the petitioner." On the fifteenth of July the court entered an order dismissing the petition, and on the following day the petitioner appealed to this Court. The petitioner requested the court below to fix bail on this appeal, and the court fixed the sum of $25,000.

In the petition before us it is alleged that the petitioner has not and cannot furnish the bail which has been fixed; that the petitioner's imprisonment is unlawful for the reason

that the $25,000 bail required of her is excessive, in view of the offense with which she is charged, her limited financial resources, the impossibility that she would fail to appear at the trial, the fact that she is a woman and the fact that her husband, the only person who could furnish her bail, is also imprisoned under bail in the same amount, which he too is unable to furnish; and that the fixing of such excessive bail for the appeal amounts to a denial to petitioner or her right to provisional liberty under the law.

Although petitioner has not so prayed in her petition, we must assume that the purpose of her petition is to secure from this Court a reduction in the bail to be furnished by the petitioner during the appeal taken from the order refusing to issue the writ of habeas corpus.

At the hearing held before this Court on July 20, 1937, the petitioner offered oral and documentary evidence to show: (a) that the economic situation of petitioner does not permit either her or her husband to furnish bail in the amount which has been fixed; and (b) that the same bail has been fixed for the defendants charged as principals in the offense of attempt to kill as has been fixed for the petitioner, who has been charged only as an accessory.

The generally accepted rule is that the fixing of the amount of bail is discretionary with the court having jurisdiction over the offense with which the defendant is charged; and that an appellate court will not interfere to review the exercise of such discretion unless the record submitted to it shows a clear and patent abuse of discretion. See: *In re Williams*, 82 Cal. 183; *In re Scott*, 56 N. W. 1009.

The court below in fixing bail, as well as the appellate court in determining whether the bail so fixed is excessive, must take into consideration: (a) the nature and gravity of the offense with which the defendant is charged; (b) the financial capacity of the defendant to furnish the bail required of him; (c) the probability that the defendant will be convicted; and (d) the severity of the penalty for the

offense. Petitioner recognizes this, not only in her petition, but also in the brief submitted by her legal representatives. See: 3 R. C. L., sec. 4, p. 7; 53 A. L. R. 399; 6 *American Jurisprudence*, sec. 61, p. 75; *Black on Constitutional Law*, fourth edition, p. 693.

In the instant case petitioner has directed all her efforts. toward convincing us that her economic resources and those of her husband are so limited that it will be impossible for either of them to furnish $25,000 bail. The evidence on this point is complete and convincing, but it is not in itself sufficient to require us to interfere with the judicial discretion of the district court of Ponce, by reviewing its decision and reducing the amount of bail fixed by it. From *American Jurisprudence*, vol. 6, sec. 61, p. 75, we copy the following:

"*Financial Ability of Accused.*—In a case clearly bailable by law, to require larger bail than the prisoner can give is, in effect, to refuse bail, and violates the constitutional provision against excessive bail. However, bail which does not appear to be excessive as measured by the character of the offense is not made so by the mere inability of the accused to procure bail in the amount required. Undoubtedly, the extent of the pecuniary ability of the accused to furnish bail is a circumstance among other circumstances to be considered in fixing the amount in which it is to be required, but it is not controlling; otherwise, the fact that the accused had no means of his own and no friends who were able or willing to become sureties for him, even in the smallest sum, would constitute a case of excessive bail, and would entitle him to go at large on his own recognizance . . . Precisely where the line should be drawn between bail reasonable under all the circumstances of the case and bail unreasonably high would appear to rest within the discretion of the court, to be decided in the light of the facts and circumstances of the individual case."

See: 6 C. J., sec. 222, 223; *Ex parte Duncan*, 53 Cal. 410 and 54 Cal. 75.

In the absence of a showing to the contrary we must assume that the district court complied with its duty to consider and weigh all the circumstances set forth by the petitioner,

and among them the nature and weight of the evidence offered by the prosecuting attorney, the circumstances under with the offense was committed, the gravity of the offense and the probability that the petitioner will be convicted of the offense with which she is charged. The burden is upon petitioner to show that the circumstances do not justify the fixing of the bail which she contends is excessive, since a mere difference of opinion between this Court and the lower court would not be sufficient to warrant our interference.

In the instant case petitioner has not put us in a position to decide, with full knowledge of the facts and circumstances in the case, whether the court below abused its discretion or not in fixing bail at $25,000. She has confined herself to informing us that four individuals, one of them her husband, have been arrested for an offense of attempt to kill, and that she has been accused of being an accessory to the same offense. In spite of the fact that there was a hearing in the court below upon the petition for writ of habeas corpus, in which the prosecuting attorney must have presented sufficient evidence to warrant the arrest of the petitioner and to support as reasonable the bail fixed by him, and in which an order was entered approving the evidence as sufficient and approving the bail required by the prosecuting attorney, petitioner has failed to include in the record in this case any of this material, which in our judgment is absolutely essential in order that we may determine whether the district court exceeded its powers in fixing bail.

The fact that petitioner does not have sufficient resources to furnish the bail required of her is not in itself sufficient for us to intervene and reduce the bail. It might be that the gravity of the offense and the circumstances surrounding its commission were such that if we were informed of them, we would necessarily conclude that the bail so fixed is not excessive.

 Petitioner contends that the probability of her conviction as an accessory to the offense with which her husband

and the three other persons are charged, is practically non-existent. She bases her argument on the averment that she was arrested and accused as an accessory for the sole reason that she had refused to testify against her husband before the prosecuting attorney. In support of this contention the petitioner testified before us that she was summoned to appear before the prosecuting attorney as a witness; that the prosecuting attorney asked her to testify and that she refused; and that after she had refused to testify, the prosecuting attorney issued the warrant of arrest.

Even admitting that the petitioner's arrest occurred under the circumstances as related by her, those facts do not show that petitioner has been prosecuted upon the sole ground that she refused to testify against her husband. At the hearing upon her petition for writ of habeas corpus, the prosecuting attorney must surely have submitted to the consideration of the district court all or a part of the evidence in his possession to show the alleged complicity in the offense. A transcript of the evidence submitted to the court below, and which that court thought sufficient to deny the petition for writ and to fix the bail here attacked as excessive, could have been brought before us by the petitioner in an effort to convince us of the illegality of her imprisonment. We must presume that this evidence was not submitted to our consideration because it would have been prejudicial to petitioner.

There is no doubt that the petitioner cannot be forced to testify against her husband; and that her refusal to testify against him or against the co-principals on the offense with which her husband is charged, does not make her an accessory to the offense. If it had been shown to this Court, which it has not, that petitioner's imprisonment is founded exclusively on her refusal to testify against her husband or his co-defendants, we would have been bound to order her release and discharge.

The fact that a woman is married to a defendant is not a ground upon which she may be prosecuted as an ac-

cessory to the offense with which her husband is charged, for positive acts done by her after the commission of the offense for the purpose of concealing it. From petitioner's brief we copy the following:

"The better opinion is, that in cases where a married woman incites her husband to a felony, she is an accessory before the fact; (Principal) but she cannot be treated as an accessory after the fact; (Complice) for receiving her husband, knowing that he has committed a felony; nor for receiving goods feloniously stolen by him; nor for concealing a felony jointly with her husband. As we have seen, she will not be answerable for her husband's breach of duty, however fatal, though she may be privy to his misconduct, if no duty be cast upon her, *and she be merely passive.*" 1 Wharton 134. (Italics ours.)

As may be seen, the law recognizes the right of the wife not to testify against her husband, not to reveal to the authorities a crime which he may have committed. While she remains inactive, passive, keeping silent about what she knows and which any other person would be bound to reveal, the law exempts her from responsibility as an accessory. When she ceases to be passive and does positive acts tending not only to conceal the crime, but also to hinder the course of justice and to prevent its discovery and punishment, then she by her own act places herself outside of the protection of the law and becomes an accessory. We do not have before us any showing as to the participation which the petitioner's husband might have had in the offense for which he is being prosecuted, nor as to the acts as an accessory with which petitioner is charged, nor as to the gravity of the offense involved. We are not, therefore, in a position to decide whether the court below abused its discretion or not. Furthermore, if the petitioner were charged with being a principal in the offense, we would be inclined to dismiss the petition.

■ The petitioner has been confined to jail as an accessory, and her bail has been fixed at $25,000, the same as that

fixed for each of the principals in the offense of attempt to kill. We do not believe that the fixing of an accessory's bail at the same amount as that fixed for the principals is warranted, and are of the opinion that petitioner's bail ought to be proportionately reduced.

For the foregoing reasons the petition is granted, and the bail which petitioner must furnish; upon her appeal to this Court from the order denying the writ of habeas corpus entered by the District Court of Ponce on July 15, 1937, is hereby reduced to $10,000, such bail to be submitted for approval to the said district court.

Mr. Justice Córdova Dávila took no part in the decision of this case.