[Crim. No. 5095. In Bank. Aug. 18, 1950.]

THE PEOPLE, Respondent, v. LILLIAN YOUNG, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

GIBSON, C. J.—The People seek dismissal of this appeal from an order denying a new trial on the ground that the notice of appeal was too late because it was filed more than ten days after the granting of probation, and on the further ground that the motion for a new trial was not timely.

Defendant was granted probation on April 26, 1949, after having been found guilty of receiving stolen property in violation of section 496 of the Penal Code. On July 1 she filed a notice of motion for a new trial. The motion was subsequently ordered off calendar but was renewed on July 29 and was denied August 2. On the same day that the motion was denied, defendant filed her notice of appeal.

Rule 31 of the Rules on Appeal, relating to criminal cases, provides that an appeal may be taken by filing a notice of appeal "within 10 days after the rendition of the judgment or the making of the order, except that an appeal from an order denying a new trial shall not be taken until after the granting of probation or the rendition of judgment. Notice of appeal from an order denying a new trial shall be filed within 10 days after the making of an order granting probation or the rendition of judgment, whichever shall occur sooner." Notwithstanding the fact that the notice of appeal herein was filed at the earliest possible time, i. e., on the same day that the new trial was denied, the People contend that the notice was too late because it was not filed "within 10 days after the making of an order granting probation." We cannot agree with this construction of the rule.

The normal time for filing notice of appeal is 10 days after the making of the order sought to be reviewed, but in the case of orders denying a new trial the time is extended until 10 days after the granting of probation or the rendition of judgment, whichever shall occur sooner. This intent on the part

of the framers of the rule is clearly shown by the draftsman's article which states the purpose of the rule. (See Witkin, New Rules on Appeal; 17 So.Cal.L.Rev. 79, 271.) In criminal procedure, a motion for new trial is made before judgment, and frequently it is made in connection with an application for probation. If a defendant were compelled to give notice of appeal within 10 days after denial of his motion, he would often be forced to give it before determination of his application for probation, with the result that an unnecessary record would be prepared in cases where probation was granted and defendant elected to abandon his appeal. To avoid this wasteful action, rule 31 provides for an extension of the time to appeal from the denial of a new trial.

Since the purpose of the rule relating to new trial orders was to give an extension of the normal period of 10 days from the making of an order, it should be construed as an extension and not as a limitation on the normal period. Moreover, a contrary construction would result in a denial of the right to appeal whenever the court failed to act on the new trial motion within 10 days after the granting of probation. Accordingly, the proper construction of the rule is that a defendant has 10 days after the denial of a new trial in which to appeal and that this period is extended where the denial occurs prior to the granting of probation.

 As a further ground for dismissal of the appeal the People contend that the motion for a new trial was not timely. It is argued that section 1182 of the Penal Code, which provides that an "application for a new trial must be made before judgment," should be construed along with the provisions dealing with probation and in the light of the legislative intention to have speedy determination of criminal actions, and that when so construed section 1182 must be read as providing that a motion for new trial must be made before the pronouncing of judgment or the granting of probation. The only limitation in section 1182, however, is that the application for a new trial must be made before judgment, and something must be read into the section before it can be construed as advocated by the People. (See Pen. Code, § 1450, similar provision as to inferior courts.) Moreover, such a construction would deprive a defendant of the right to attack the terms of probation by motion for a new trial or appeal from a denial thereof, and he would be left without adequate remedy since the probation order is not appealable. Although it has

been held that the right to the pronouncement of judgment is waived where probation is requested and accepted (see *In re DeVoe,* 114 Cal.App. 730 [300 P. 874] ; *People* v. *Noone,* 132 Cal.App. 89 [22 P.2d 284]), it does not follow that the right to move for a new trial should likewise be deemed waived upon the granting of probation in the absence of express statutory provision to that effect.

The motion to dismiss is denied.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.