[Crim. No. 4734. Second Dist., Div. Two. Nov. 7, 1951.]

In re RALPH B. MOREHEAD, on Habeas Corpus.

William W. Larsen for Petitioner.

S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

MOORE, P. J.—Petitioner was convicted in the municipal court on seven counts of misdemeanor; three counts of indecent exposure (Pen. Code, § 311(1) ; three of child molestation (Pen. Code, § 647a(1) ; and one count of lewd and dissolute conduct (Pen. Code, § 647.5). His motions for a new trial were denied. The court thereupon suspended further proceedings and certified the matter to the superior court for proceedings under the Sexual Psychopath Act (Welf. & Inst. Code, § 5501 et seq.). Petitioner having appealed from such misdemeanor convictions, he was permitted to go at large on posting bail in the sum of $500. His appeal is now pending. When he appeared in the superior court, two psychiatrists were appointed to examine him, a hearing was set for October 29 and his bail was increased to $7,500. Having been remanded to the custody of the sheriff, the prisoner upon instituting this proceeding for a writ of habeas corpus was released on bail in the sum of $1,000 pending a hearing upon the writ. He demands his release from custody on the ground that the superior court had no authority to increase bail as previously fixed by the municipal court, and if such authority does exist, $7,500 bail is excessive and contrary to constitutional inhibitions.

This court recently determined that as a matter of right a person is entitled to be released on bail pending a determination of whether or not he is a sexual psychopath. (*In re Keddy*, 105 Cal.App.2d 215, 218 [233 P.2d 159].) The question now to be answered is whether the superior court has the authority to fix such bail.

From an examination of the sexual psychopath laws and the Penal Code provisions concerning bail, the conclusion is unavoidable that such power does exist. Although the Sexual Psychopath Act has no provision with reference to bail it does set forth a definite procedure for the disposition of a person accused of being a sexual psychopath. When a municipal court has, from evidence adduced upon the trial of a misdemeanor, concluded that there is probable cause for believing the defendant to be a sexual psychopath, it adjourns further proceedings and certifies the prisoner to the superior court. For the present, its powers to proceed further are exhausted. The defendant then stands before the superior court for examination and hearing. Only upon a determination by the superior court that the accused is not a sexual psychopath or has recovered from his sexual psychopathy

does the court in which the case originated regain jurisdiction in the matter. (Welf. & Inst. Code, § 5502.)

It follows that the municipal court would not be the "competent court" referred to in Penal Code, section 1268[1] as "a *competent court or magistrate*" by reason of the fact that its jurisdiction over the accused person is suspended upon the certification. ██ Neither is the municipal court judge when trying the misdemeanor acting as a "magistrate" under Penal Code, section 1268. As a judge of the municipal court he is a trial judge deliberating as a court. (Welf. & Inst. Code, § 5501.) ██ He is not acting as a magistrate under Penal Code, section 807, inasmuch as a sexual psychopath proceeding is not regarded as a criminal action. (*In re Keddy, supra,* p. 218; see *People* v. *Crespi,* 115 Cal. 50, 54 [46 P. 863].)

The remaining question is whether the bail as fixed at $7,500 is so excessive as to be in contravention of article I, section 6 of the Constitution of California, providing in part that "Excessive bail shall not be required. . . ." ██ The fixing of the amount of bail is largely within the discretion of the trial court and the appellate courts will not interfere unless an abuse of this discretion is manifest. Only when it is apparent *per se* that the amount fixed is "unreasonably great and clearly disproportionate to the offense involved" will we order a reduction. (*In re Tsuji Horiuchi,* 105 Cal.App. 714, 715 [288 P. 708].) Of course, "discretion" under this rule does not mean a completely unbridled discretion, but rather it contemplates the exercise of a sound legal discretion. ██ A number of factors must be considered, such as the seriousness of the offense charged, the defendant's previous record and the probability of his appearing for the trial if at large. (Pen. Code, § 1275; *In re Tsuji Horiuchi, supra,* p. 715-16.)

██ Although in the instant matter the sum of $7,500 at first blush appears to be excessive bail for one accused of a psychopathic malady based upon misdemeanor convictions only, it is clear from petitioner's record that the court did not abuse its discretion. Beginning with the year 1922 petitioner has been successively adjudged guilty of burglary, grand larceny, violation of the Dyer Act and of first degree murder. While serving time in Utah for a Dyer Act violation, he escaped from prison. He was on parole from a prison term

[1]Penal Code, section 1268. "Admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon bail."

imposed for the murder conviction at the time of his commission of the misdemeanors culminating in the sexual psychopath certification. In view of such a consistent pattern of behavior, it cannot be said that the court below acted otherwise than with propriety and wisdom.

Petitioner demands that the sexual psychopath proceedings be stayed pending the outcome of his appeal from the misdemeanor convictions. Although the point is not made clear in his brief, apparently he contends that the superior court lacks jurisdiction to proceed to a final determination in the sexual psychopath proceeding until petitioner's conviction is affirmed on appeal.

The answer to such contention depends upon the interpretation to be given the word "convicted" in Welfare and Institutions Code section 5501(a) which provides that "when a person is *convicted* of a criminal offense, the trial judge . . . may adjourn the proceeding or suspend the sentence, as the case may be, and may certify the person for hearing and examination . . . by the superior court . . . to determine whether the person is a sexual psychopath. . . ." ▮ The meaning of the term "convicted" is definitely fixed. It does not necessarily mean a final determination of guilt after an appeal has been taken. It does not mean the judgment based upon the verdict. It is the verdict itself. It is the ascertainment of guilt by the trial court. (*People* v. *Clapp,* 67 Cal.App.2d 197, 200 [153 P.2d 758].) ▮ Accordingly, in the absence of an expression of a contrary legislative intent, it must necessarily follow that immediately upon the trial court's determination of guilt the superior court had jurisdiction to proceed with the sexual psychopath hearing upon certification by the municipal court.

▮ It may not be amiss to observe that notwithstanding such jurisdiction in the superior court, it has the discretion in a proper case to continue a sex psychopath proceeding until the appeal from the municipal court has become final.

It is ordered that the writ be and is discharged and the petitioner is remanded to the custody of the sheriff.

McComb, J., concurred.