[Crim. No. 2804. First Dist., Div. Two. May 28, 1952.]

THE PEOPLE, Respondent, v. HANS P. SORENSEN, Appellant.

Edward M. Digardi for Appellant.

Edmund G. Brown, Attorney General, Charles A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted on October 2, 1945, of violations of section 288, Penal Code, and of section 702, Welfare and Institutions Code, and is now confined in the state penitentiary. On August 1, 1951, he filed in the superior court in propria persona a petition for a writ of error *coram nobis* and this appeal is taken from the order of that court denying his petition.

The court appointed counsel to represent the appellant on this appeal and such counsel urges the following points: From his petition it appears that appellant was denied a jury trial and a public trial by reason of the fraud of his counsel, and of any trial on the merits because of his counsel's failure to investigate the facts and produce witnesses suggested to his counsel by appellant.

Since the decision in *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13] it appears to be settled that "habeas corpus . . . has become the proper remedy to attack collaterally a judgment of conviction which has been obtained in violation of fundamental constitutional rights." (34 Cal.2d, p. 327.)

Appellant's petition is quite sketchy but it may be spelled out from it that the public defender through an assistant contrary to appellant's expressed wish waived a jury trial and consented to the exclusion of the public from the trial and failed to produce witnesses (neither the names of whom nor what they would have testified to being set out in the petition) suggested by appellant. If these facts if proved would entitle petitioner to any relief especially at this late date *People* v. *Adamson, supra,* makes clear that that relief must be sought by habeas corpus and not by *coram nobis.*

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied June 18, 1952.