[Sac. No. 6795. In Bank. Aug. 6, 1957.]

CHARLES J. THURMOND, Petitioner, v. SUPERIOR
COURT OF SOLANO COUNTY et al., Respondents.

Charles J. Thurmond, in pro. per., and C. K. Curtright for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondents.

GIBSON, C. J.—Charles J. Thurmond seeks a writ of mandate to compel the preparation of clerk's and reporter's transcripts on appeal from an order denying a motion for a new trial in a criminal action.

On January 15, 1952, Thurmond was found guilty of a violation of section 288a of the Penal Code. At his request sexual psychopathy proceedings were instituted under section 5500 et seq. of the Welfare and Institutions Code, and the criminal proceedings were adjourned as to "judgment, sentence or other order." He was then adjudged a sexual psychopath and committed to the Department of Mental Hygiene. Several hearings were held at intervals to determine whether the treatment should be continued, and each time Thurmond was recommitted. There has been no pronouncement of judgment and no order granting probation. On October 21, 1955, Thurmond filed a motion for a new trial in the criminal action, and a hearing on the motion was postponed until after completion of pending proceedings to determine the need for further treatment. These proceedings terminated in his recommitment, and the court then denied the motion for a new trial, expressly rejecting Thurmond's contention that he was convicted on the insufficiently corroborated testimony of accomplices. Within 10 days after such denial Thurmond filed a notice of appeal and a request for clerk's and reporter's transcripts. The request was denied without prejudice on the ground that the order denying a new trial was not appealable at that time since judgment and sentence had not been pronounced or probation granted and because further steps in the criminal action had been suspended pending proceedings under the sexual psychopathy provisions of the Welfare and Institutions Code.

Under section 1182 of the Penal Code an application for a new trial must be made before judgment or within 20 days after the making of an order granting probation, whichever first occurs, and Thurmond's motion was within the time specified, there having been no judgment and no order granting probation. The section does not require that a defendant must wait until final termination of sexual psychop-

athy proceedings before moving for a new trial, and Thurmond was thus entitled to move for a new trial at the time he made his motion unless he was precluded therefrom by reason of the adjournment of the criminal proceedings.

Section 5501 of the Welfare and Institutions Code provides in part that when a person is convicted of any criminal offense the trial judge "may adjourn the proceedings or suspend the sentence, as the case may be, and may certify the person for hearing" to determine whether he is a sexual psychopath. Upon a proper showing the court may commit the person to a medical facility for an indeterminate period until he has been cured or is unable to benefit from further treatment, at which time the person shall be returned to the court in which the criminal charge was tried to await further action, and that court shall then resume the criminal proceedings. (Welf. & Inst. Code, §§ 5517, 5518, 5519.) ▇ There is no express provision in the sexual psychopathy law prohibiting a convicted person from moving for a new trial after he has been committed as a sexual psychopath, and the statute does not purport to divest the trial court of all jurisdiction to act with reference to the criminal proceedings.

▇ The sexual psychopathy law provides for separate proceedings of a civil nature for the purpose of protecting society against the activities of sexual psychopaths and at the same time affording a means whereby a person found guilty of a criminal offense may be aided by medical treatment. (*Gross* v. *Superior Court*, 42 Cal.2d 816, 820 [270 P.2d 1025]; *People* v. *McCracken*, 39 Cal.2d 336, 345-346 [246 P.2d 913].) ▇ The apparent intent of the Legislature is that, during the period of commitment, the trial court should not impose punishment or take other steps which would interfere with the objectives of the statute, but the courts should not be deprived of the power to take appropriate action which would not conflict with those purposes. ▇ Where, as here, the court has not rendered judgment or granted probation, a motion for a new trial is the only remedy available against the conviction until such time as the court may terminate the sexual psychopathy proceedings and render judgment or grant probation. Requiring a defendant to delay, perhaps for several years, could well result in depriving him of substantial rights; for example, the intervening death of witnesses could prevent him from seeking a new trial on the ground of newly discovered evidence.

▇ The fact that the court adjourned the criminal pro-

ceedings does not mean that an express order of reinstatement was necessary before the court could pass upon Thurmond's motion for new trial. When the court heard the motion and denied it on the merits, it obviously reinstated the criminal proceedings to the extent required to consider the motion. While an express order to this effect would have been preferable, it was not essential since it was necessarily implied from the court's action in considering the motion on its merits.

 We conclude, therefore, that the pendency of the sexual psychopathy proceedings did not deprive Thurmond of the right to move for a new trial. Any inconsistent statements in the case of *In re Morehead,* 107 Cal.App.2d 346 [237 P.2d 335], are disapproved.

 We must next consider whether, under the Rules on Appeal, the absence of pronouncement of judgment and lack of an order granting probation operated to postpone the time for appeal from the order denying the motion for a new trial. The trial court apparently relied on rule 31 of the Rules on Appeal in concluding that the order denying a new trial was not appealable at the time Thurmond's request for transcripts was denied. (36 Cal.2d 26.) Insofar as applicable here, rule 31 provides: "In the cases provided by law, an appeal may be taken . . . within 10 days after the rendition of the judgment or the making of the order, *except that an appeal from an order denying a new trial shall not be taken until after the granting of probation or the rendition of judgment,* and except that the 10-day period for appealing from an order denying a new trial shall be extended until 10 days after the making of an order granting probation or the rendition of judgment, whichever shall occur sooner." (Italics added.)

As we have seen, Thurmond's notice of appeal was filed within 10 days after denial of his motion for a new trial. The notice thus complied with the basic provision of rule 31 that an appeal may be taken within 10 days after the making of an order. The purpose of the exception italicized above was to eliminate the preparation of unnecessary records. (See Draftsman's Notes, Rules Pamphlet (1943) p. 53; Witkin, New California Rules on Appeal, 17 So.Cal.L.Rev. 232, 271-272.) Under prior procedure, a defendant could appeal immediately from an order denying his motion for a new trial and could compel the preparation of transcripts while his application for probation was pending; if probation

was granted, he could abandon his appeal, but meanwhile the unnecessary records would have been prepared, often at great expense. By postponing the time for filing the notice of appeal during the period allowed by law for rendering judgment or granting probation, it was believed that the unnecessary work and expense would be avoided. So far as appears, no consideration was given to the operation of rule 31 in connection with the sexual psychopathy law. In this connection it should be noted that the purpose of avoiding an unnecessary record would have little, if any, application to sexual psychopathy commitments, since the court retains power to impose judgment at the termination of such proceedings, and the psychopathy commitment, unlike the granting of probation, would not have a tendency to induce dismissal of pending appeals.

When we look at the practical operation of the rule, we note that in the usual case the rendition of judgment or the ruling on probation occurs promptly. (See Pen. Code, §§ 1191, 1202 et seq. [contemplating a very limited lapse of time between the verdict or finding of guilt and the rendition of judgment or the granting of probation].) Ordinarily, therefore, in the absence of sexual psychopathy proceedings, the postponement of the time for appeal from a denial of a motion for new trial, as provided by rule 31, would not materially interfere with the exercise of the right to appeal, and, as we have seen, the delay finds justification in the purpose of avoiding the trouble and expense of preparing unnecessary records. On the other hand, under the sexual psychopathy law, there may be a commitment for an initial examination period of 90 days to determine if a convicted person is a sexual psychopath and if he will benefit by medical treatment, and this may be followed by a commitment for an indeterminate period, subject to reconsideration and further hearings at six-month intervals to determine whether the treatment should be continued. (See Welf. & Inst. Code, §§ 5512, 5519.) The indefinite commitment may thus be continued for years, and in the present case it apparently has lasted for more than five years. Postponement of the right to appeal for such a lengthy period could greatly impair, or perhaps even destroy, the right, and rule 31 should, of course, be construed so as to avoid such an undesirable result.

An analogous situation was presented in *People* v. *Young*, 35 Cal.2d 819 [221 P.2d 13], where the defendant's motion for a new trial followed the granting of probation, and

her notice of appeal was filed within 10 days after denial of a new trial but more than 10 days after she was given probation. At that time rule 31 contained a provision that notice of appeal from an order denying a new trial should be filed within 10 days after the rendition of judgment or the granting of probation, whichever should occur sooner. It was held that, since the purpose of this provision was to extend the normal 10-day period for appeal, it should be construed as an extension, not a limitation, and that the 10-day period following the denial of a new trial should be extended when the denial occurs prior to the granting of probation.* The Young case thus interpreted the rule so as not to limit the right of appeal beyond what was intended when the rule was adopted, and the decision is in accord with the requirement of rule 53(a) that the rules "shall be liberally construed to secure the just and speedy determination of appeals." (36 Cal.2d 38.)

▮▮▮ A liberal interpretation should also be given to the exception in rule 31 that an appeal from an order denying a new trial shall not be taken until after the granting of probation or the rendition of judgment. As we have seen, the purpose of the provision was to avoid the preparation of unnecessary records, and it should not be applied where, as here, the purpose would not be served and where the right of effective appeal might be lost by lengthy delay. Accordingly, we hold that the exception does not apply where there is a sexual psychopathy commitment prior to the granting of probation or the rendition of judgment and a new trial is denied during the commitment. Thurmond was therefore entitled to file his notice of appeal within 10 days after the denial of a new trial.

Let a peremptory writ of mandate issue directing the preparation of clerk's and reporter's transcripts.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

Respondents' petition for a rehearing was denied September 4, 1957.

---

*Rule 31 was thereafter amended, in accordance with this decision, to provide, as an exception, that "the 10-day period for appealing from an order denying a new trial shall be extended until 10 days after the making of an order granting probation or the rendition of judgment, whichever shall occur sooner." (36 Cal.2d 26.)