[Crim. No. 1274. Fourth Dist. Apr. 18, 1960.]

THE PEOPLE, Respondent, v. EMERY L. BALES, Appellant.

Emery L. Bales, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

COUGHLIN, J.—The defendant is an inmate of Atascadero State Hospital. From the sparse record before this court it appears that he was convicted of a sex offense; that the criminal proceedings resulting in such conviction were adjourned and pronouncement of judgment suspended; and that proceedings pursuant to section 5500 et seq. of the Welfare and Institutions Code were instituted which eventually resulted in a commitment to the aforesaid state hospital for an indeterminate term as a sexual psychopath. This commitment was made on February 6, 1958. On August 6, 1959, the defendant moved the Superior Court of Tulare County for an order ''lifting suspension of the proceedings; . . . for preparation of transcripts; . . . for the return of the defendant to the County of Tulare from the Atascadero State Hospital; and . . . allowing the said defendant to file a motion for a new trial.'' The motion was denied and from the order of denial defendant has taken this appeal. The plaintiff moves to dismiss the appeal on the ground that it is from a nonappealable order; is sham and frivolous; and lacks an appellate objective. Defendant's motion to the trial court does not purport to be made pursuant to section 5519 of the Welfare and Institutions Code, authorizing a request by a defendant committed as a sexual psychopath who has been confined for a period of not less than six months from the date of the order of commitment to request a determination whether he still is a sexual psychopath.

Defendant's objective in the instant proceedings is to make a motion for a new trial in order that he can present to the court his contentions respecting prejudicial misconduct of the district attorney, errors by the court, that the verdict of the jury was contrary to the law and the evidence, and that ''he was framed and railroaded into this situation.'' The order adjourning proceedings has foreclosed the presentation of any motion for new trial at this time. (Welf. & Inst. Code, § 5501.)

In his answer to plaintiff's motion to dismiss this appeal, the defendant states, for the first time, that he is not a sexual psychopath. If he desires to establish that he is not now a sexual psychopath he should move the trial court for an order requiring the superintendent of the state hospital to

which he has been committed to forward to that court an opinion, report, diagnosis and recommendation as prescribed by section 5519 of the Welfare and Institutions Code and undertake the proceedings outlined by that code.

The order committing defendant to Atascadero State Hospital as a sexual psychopath for an indeterminate period was an appealable order (*Gross* v. *Superior Court*, 42 Cal.2d 816 [270 P.2d 1025]; *People* v. *Gross*, 44 Cal.2d 859 [285 P.2d 630]), and, no appeal having been taken therefrom, is final. This order effectively stayed further criminal proceedings which may be reinstated only by termination of the defendant's commitment to the state hospital pursuant to the procedures prescribed by the Welfare and Institutions Code.

The order in question does not involve the sexual psychopathy proceedings and therefore is not appealable as an order made after final judgment therein. It does involve the criminal proceedings but constitutes an interlocutory order made before final judgment and therefore is not appealable. (*People* v. *Barnett*, 27 Cal.2d 649 [166 P.2d 4].)

The appeal is dismissed.

Griffin, P. J., and Shepard, J., concurred.