[Crim. No. 3967. First Dist., Div. One. Dec. 1, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. CARL
NIENDORF, Defendant and Appellant.

Carl Niendorf, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, P. J.—Defendant appeals in propria persona from an order denying his motion to amend and correct the record.

### QUESTIONS PRESENTED

1. Is the order appealable?
2. Did defendant plead guilty?

### RECORD

The motion on which this appeal is based arises out of the fact that although it is clear that everyone connected with the original proceeding, the judge, the district attorney, defendant and his attorney believed that defendant had personally entered a plea of guilty, the record discloses that defendant did not do so in so many words.[1]

On March 16, 1953, defendant was charged with violation of section 288 of the Penal Code (lewd and lascivious acts upon the body of a child under 14). On March 20 in the Juvenile Department of the Superior Court, the late Honor-

---

[1] The motion is the latest in a series of proceedings brought by defendant from time to time raising essentially the same issue as is raised here, namely, did he personally plead guilty? Starting in September 1956, defendant filed 7 applications for writs of various types in the Marin County Superior Court, 4 in the District Court of Appeal, 5 in the Superior Court, and 7 in the United States District Court, northern district, southern division. Certiorari was denied in the United States Supreme Court on March 23, 1959. (359 U.S. 948 [79 S.Ct. 730, 3 L.Ed.2d 680].)

able Milton Sapiro sitting as a committing magistrate, the following occurred: In the absence of defendant, his counsel, Deputy Public Defender Tobias J. Bricca, stated that defendant desired to change his plea to guilty. "He wants treatment. He doesn't want to hurt the children, he doesn't want to embarrass the children." Defendant was then brought into the courtroom and the proceedings hereafter set forth took place. Thereafter, on March 23 in the superior court, the late Honorable Milton D. Sapiro presiding, defendant was arraigned for judgment and defendant moved for probation. The matter was then continued for hearing the motion for probation and "for psychopathic report." Thereafter, on December 1, 1956, defendant was committed to San Quentin as a sexual psychopath under section 7058, Welfare and Institutions Code.

March 6, 1961, defendant filed in the superior court a "Notice of Motion for Leave to Amend and Correct the Record." On March 23, defendant's motion was denied. This appeal is from such denial.

1. *Is the Order Appealable? No.*

 The order denying defendant's motion to correct the record is not appealable. Here no judgment of conviction was entered on defendant's plea of guilty. In effect, judgment was suspended, and defendant was found to be a sexual psychopath and is confined in prison under the order finding him to be such. The order denying defendant's motion is not one after final judgment in the criminal proceedings, and as it does not involve the sexual psychopathy proceedings it is not an order after final judgment therein. *People* v. *Bales* (1960) 180 Cal.App.2d 16 [4 Cal.Rptr. 205] is determinative of this question. There as here, in the criminal proceedings the pronouncement of judgment was suspended. Bales was then committed as a sexual psychopath. He moved for an order " 'lifting suspension of the proceedings . . . [and] return of the defendant to the County of Tulare' " and allowing the said defendant to file a motion for new trial. Defendant appealed from the order denying his motion. The reviewing court dismissed the appeal on the ground that the order was not appealable, saying: "The order in question does not involve the sexual psychopathy proceedings and therefore is not appealable as an order made after final judgment therein. It does involve the criminal proceedings but constitutes an interlocutory order made before final judgment and therefore is not

appealable." (P. 18.) (See *People* v. *Barnett* (1946) 27 Cal. 2d 649 [166 P.2d 4].)

### 2. *Defendant Pleaded Guilty.*

 Although our decision that the order is not appealable determines this matter, in view of the many proceedings brought by defendant based upon his contention that he did not plead guilty to the crime charged, and in the hope of ending once and for all this obviously baseless contention, we deem it advisable to consider the matter on the merits. It is obvious that although defendant did not himself use the words "I plead guilty," he actually did so plead.

The court stated to him that it was informed that defendant desired to withdraw his plea of not guilty in reference to lewd and lascivious conduct toward the named child for the purpose of entering a different plea, and asked him if that was his desire. Defendant said that it was. The court then said that the not guilty plea might be withdrawn and he would be arraigned on the charge of violating section 288 of the Penal Code. The clerk then stated that in a complaint filed against him on March 16, 1953, he was charged with violating section 288 of the Penal Code, to which he had entered a plea of not guilty, and now by permission of the court defendant wished to withdraw that plea and "enter a plea to a different ———." The court interrupted and stated "No, change the plea." Defendant's attorney then stated "He wants to change the plea from not guilty to guilty." The clerk asked, "Do you waive time for judgment?" The court then interrupted, stating that defendant would have to be certified to the superior court, and stated, "Carl Niendorf, of course you understand the nature of the charge that is involved, so *that you understand the nature of the plea that you have made?* Defendant: Yes I do, yes sir. The Court: *The record will show that the defendant personally,* and in the presence of counsel, has pleaded guilty to the charge of violating Section 288 of the Penal Code. He will be certified to the Superior Court for judgment and this matter will come up Monday morning for judgment, and on Monday morning, then, we will make arrangements for the appointment of doctors for a psychiatric examination." (Emphasis added.) The district attorney then said "Now, *inasmuch* as there has been a plea of guilty to 8070F, we will respectfully ask the Court to dismiss Action 8073F." (Emphasis added.) (This was another felony charge against defendant.) The court then dismissed that

action and stated that on Monday morning "... we will start the proceedings there that will result in psychiatric examination."

On Monday morning (March 23) defendant and his counsel were present in court and defendant "was duly informed by the Court that he had been certified to the above entitled Court for judgment *after a plea of Guilty entered* before Honorable Milton D. Sapiro, Judge of the Superior Court, sitting as a Committing Magistrate, on March 20, 1953 to the crime of Felony, to wit: Violating Section 288 of the Penal Code. ... *The Defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him to which he replied that he had none.*" (Emphasis added.) Defendant then moved for probation and the cause was continued for hearing of that motion and for psychopathic report. At no time did defendant intimate that he felt he had not pleaded guilty. Under the circumstances of his affirmative answer to the court that it was his desire to enter a different plea, the assumption by all including himself that he had so pleaded, the question of the court "... you understand the nature of the plea that you have made?" and his answer "Yes I do ...," his failure to question the then statement of the court that he had pleaded guilty, and then on the next hearing his statement that he had no legal cause to show why judgment should not be pronounced against him, it would be a travesty on justice to hold that the requirement in section 1018 that the plea must be put in by defendant himself was not met.

In *People* v. *Gibbs* (1961) 188 Cal.App.2d 596, 599-600 [10 Cal.Rptr. 581], we said: "The nature of the right provided by Penal Code, section 1018, is not such that the plea must be expressed in person under any and all circumstances." In that case, although the appellants did not expressly plead guilty, we held: "The record in the instant case does not permit any other conclusion than that appellants did consent to, and adopt, their counsel's statement of their pleas." (P. 601.)

As said in *In re Martinez* (1959) 52 Cal.2d 808 [345 P.2d 449], "The purpose of the requirement that a plea be entered by defendant personally is to ensure that the plea is his own. If it is, the purpose of that requirement is accomplished ..." (P. 815.) There can be no question in this case but that the plea of guilty was defendant's own.

There are cases in California where the courts have been

overly technical in the application of the rule. Thus in the *Martinez* case the Supreme Court disapproved of *In re Breen* (1958) 162 Cal.App.2d 235 [328 P.2d 465], and *In re Brain* (1924) 70 Cal.App. 334 [233 P. 390], and held that the appellate courts in those cases "should not have declared the judgment void without determining that the defendant had not authorized or adopted counsel's statement of his plea." (P. 815.) A defendant can, as defendant did here, actually personally put in a plea of guilty without using the magic words, "I plead guilty."

[■■] A second reason why the trial court was correct in denying plaintiff's motion to correct the record, is, that under defendant's theory that the court improperly found that defendant had entered a plea of guilty, the error would have been a judicial one and not a clerical one. The sole remedy for a judicial error is by motion for new trial or by appeal. (See *Estate of Burnett* (1938) 11 Cal.2d 259 [79 P.2d 89]; *Maxwell* v. *Perkins* (1953) 116 Cal.App.2d 752 [255 P.2d 10]; 3 Witkin, California Procedure, p. 1894.) Defendant could have moved for a new trial. Also, during the sexual psychopathy proceedings or on appeal from the order entered therein, he could have raised the question of whether there was a conviction, as such order could only be predicated upon a conviction by trial or plea. The order declaring him a sexual psychopath is appealable as a final judgment in a special proceeding under Code of Civil Procedure, section 963. (*Gross* v. *Superior Court* (1954) 42 Cal.2d 816 [270 P.2d 1025]; *People* v. *Bales, supra,* 180 Cal.App.2d 16.)

Defendant refers to some early cases which held, in effect, that a court might correct its judicial errors while its proceedings remain *"in fieri,"* that is, until the end of the term of court. However, in *Brackett* v. *Banegas* (1893) 99 Cal. 623 [34 P. 344] the court pointed out that by the Constitution of 1879 terms of court were abolished, and that now correction of court proceedings may only be done pursuant to section 473 of the Code of Civil Procedure. It is well settled that the correction under that section can only be of clerical errors and not of judicial ones. (See *Thomson* v. *L. C. Roney & Co.* (1952) 112 Cal.App.2d 420 [246 P.2d 1017]; *Phillips* v. *Trusheim* (1945) 25 Cal.2d 913 [156 P.2d 25].)

The appeal is dismissed.

Tobriner, J., and Sullivan, J., concurred.