SWAIN, P. J.
The defendant who was convicted of violating Health and Safety Code 11721 (using, being under the influence of and addicted to the use of narcotics) appeals from the order denying a new trial and the judgment. The appeal from the order denying a new trial is premature for the reasons hereinafter stated and there is no judgment. Both appeals must be dismissed.
Since the 1961 amendment of Penal Code section 1466, the general rule is that, in misdemeanor cases, no appeal lies from an order denying a new trial. The only exception is that one will lie “in cases where the defendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction; such an appeal shall be dismissed if while it is pending an appeal is taken under subdivision (a) or (d),” that is from a final judgment or from an order granting or denying probation. “Committed” means committed by the superior court to the Director of Corrections for sexual psychopathy, insanity or narcotics addiction under the provisions of Penal Code section 6450. That section provides: “Upon conviction of a defendant of any crime in a municipal or justice court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics, such judge shall adjourn the proceedings or suspend the imposition of sentence and certify the defendant to the superior court.” The section further provides that if, after a hearing in the superior court, the judge shall find that the defendant is a narcotic drug addict or is in imminent danger of becoming one, “he shall make an order committing such defendant to the custody of the Director of Corrections. ...” In the case at bar the municipal court has certified the defendant to the superior court under this section but we have no record that the superior court has committed her to the Director of Corrections. Under the clear language of Penal Code section 1466 ; therefore, no appeal presently lies from the order denying a new trial. See also People v. Bales (1960) 180 Cal.App.2d 16,18 [4 Cal.Rptr. 205].
We will add, gratuitously, that if the defendant is returned to the municipal court under Penal Code section 6450 for further proceedings, no appeal will lie from the order denying a new trial but an appeal will thereafter lie from an order granting or denying probation or from a judgment. In an appeal from a judgment or in an appeal from an order granting probation “the court may review any order denying a *879 motion for a new trial, except when an appeal from an order denying a motion for a new trial has previously been finally determined in cases where the defendant has been committed for sexual psychopathy, insanity, or narcotics addiction.” (Pen. Code, § 1466, subd. 2(a).) The latter exception does not as yet apply to the case at bar because there has been no commitment for narcotics addiction and, therefore, no final determination, after commitment, of an appeal from an order denying a new trial.
Both appeals are dismissed.
Huís, J., and Smith, J., concurred.