[Civ. No. 20620.   First Dist., Div. Three.   Feb. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN HENRY EDWARD BARZEE, Defendant and Appellant.

Carl B. Shapiro, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Found to be a sexual psychopath, defendant in 1954 was committed to the Department of Mental Hygiene for placement in San Quentin prison for treatment. (Welf. & Inst. Code, §§ 5512, 5518.)

In 1961 defendant, through counsel, filed in the committing court a document by which he "requests this court to institute the proceedings within the purview of Section 5519," and "to set a date for hearing on the issue of his present mental status." The court ordered, and the director of mental hygiene filed, a detailed report. It concluded that defendant "has improved, but has not in our opinion recovered from his sexual psychopathy and is still a menace to the health and safety of others, including children under fourteen years of age." Upon receipt of this report, the court denied defendant's request for hearing, and defendant appeals.

Defendant first contends that upon his request under section 5519 the court must conduct a hearing at which he is present and has the right to present evidence. He misconstrues the statute. It provides that on defendant's motion the court "may" require a report from the department, and upon receipt of such report "may" order return of the committed person to the court for a hearing. The Legislature has amply demonstrated its readiness to use the word "shall" when it intends to make mandatory the return of the psychopath for hearings on his condition (§§ 5512, 5517). A section 5519 hearing is not mandatory, but lies in the sound discretion of the court. (*People* v. *Blume,* 183 Cal.App.2d 474, 481 [7 Cal.Rptr. 16] ; see also *People* v. *Martinez,* 130 Cal.App. 2d 239, 243 [278 P.2d 727].)

Nothing in the record indicates that the committing court abused its discretion in denying a hearing. The only showing made to it was the report of the department. Nothing contained therein casts any doubt upon its conclusion that defendant is a sexual psychopath who, although improving, has not recovered and remains a menace to the health and safety of others. The only document filed for defendant wholly fails to make any showing of fact. It does not even state that defendant thinks he has recovered or will not benefit by further treatment. There is no indication that a hearing would serve any purpose.

■ It must be remembered that sexual psychopathy proceedings are essentially civil in nature, even though the place provided for custodial care and treatment be on the grounds of a state prison. (*People* v. *Levy*, 151 Cal.App.2d 460 [311 P.2d 897], and cases there reviewed.) ■ Nonetheless, the act carefully preserves all rights of an alleged sexual psychopath. The preliminary determination of psychopathy is made only after conviction of a defendant and in proceedings fully affording all the rights which comprise due process. (Welf. & Inst. Code, §§ 5501-5512.) If then found to be a sexual psychopath, the defendant is sent to a state hospital for observation of not to exceed 90 days. If the superintendent reports that he is a sex psychopath, he is entitled, on demand, to a still further hearing (§ 5512), and if committed for an indefinite period, has the same right to jury trial as does a mentally ill person (§ 5512.5). ■ Once he is so committed for the safety of others and for his own rehabilitation, we find no compulsion of due process requiring that he be returned for a further hearing at his mere whim, and without any sort of showing of good cause, in the face of an adverse report from the department.

Order affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied March 15, 1963.