James CONWAY, Appellant,

v.

Lawrence E. WILSON, Warden, San Quentin State Prison, and Kenneth N. Hastins, Attorney at Law, Appellees.

No. 20470.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1966.

Certiorari Denied Feb. 13, 1967.
See 87 S.Ct. 897.

James Conway, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy, Deputy Atty. Gen., Lawrence R. Mansir, Deputy Atty. Gen., San Francisco, Cal., for appellees.

Before POPE, BARNES and MERRILL, Circuit Judges.

POPE, Circuit Judge.

The appellant is a prisoner confined in the California State Prison under a sentence imposed upon him by a Superior Court of California after conviction under an indictment charging two counts of robbery of the first degree. He was sentenced March 10, 1952, took no appeal, but on November 2, 1964 he filed in the Superior Court of the County wherein the prison is situated a petition for the writ of habeas corpus. The petition was denied. On November 16, he filed a substantially identical petition for the writ of habeas corpus in the Supreme Court of

the State of California. It also was denied on December 17, 1964. On January 13, 1965, petitioner filed in the court below a petition for the writ of habeas corpus directed to the Warden of the State penitentiary seeking release at the hands of the federal court. After hearing upon the question which was raised in the court below, as to whether the appellant, as petitioner, had exhausted his state remedy, presently available to him, prior to the commencement of proceedings in the federal court, the court found and concluded that appellant had not fairly and clearly presented to the state courts any federal constitutional question sought to be presented to the court below, and upon the authority of Rose v. Dickson, 9 Cir., 327 F.2d 27, dismissed the proceedings. The petitioner below now appeals from that decision.

In his petition in the district court the appellant based his claim for relief upon two contentions. The first was that he was denied adequate representation of counsel in that the attorney appointed to represent him actually represented a conflicting interest without the petitioner's consent. He also asserted that the attorney failed to inform the court that petitioner was less than 21 years of age so that he might be committed to the Youth Authority pursuant to the provisions of the Welfare and Institutions Code.

■ The second contention made is that under the provisions of the Welfare and Institutions Code of the State of California, it was mandatory for the trial court to commit the petitioner to the State Youth Authority rather than to sentence him to a term in the penitentiary as was done by the court. It is plain that this second point raises a question of state law and does not present any constitutional question or any question sufficient to warrant the granting of habeas corpus relief.

■ Actually, at the time of the imposition of sentence upon appellant the applicable sections of the Welfare and Institutions Code provided that it was within the discretion of the court to refer a person in the position of this petitioner to the Authority rather than to impose a prison sentence upon him. See Statutes of California, 1951 Regular Session, Chapter 98, p. 355. In his petitions for habeas corpus in the State courts, petitioner alleged that the court in committing him to the Youth Authority abused its discretion. This would of course represent a question of state law and not a federal question appropriate for consideration by the court below.

With respect to the contention that the appellant was denied adequate representation of counsel, an examination of the record discloses that appellant did not adequately or fairly present to the state courts the contention which he sought to assert in the district court and upon this appeal. His allegations in the state courts were in substance no more than that contention raised in the petition to the Supreme Court of the State and which was as follows: "And in reviewing this record, the Court may observe that defendant did not have an attorney at any time during the trial. That is to say, Kenneth Hastings, who was appointed by the Court to represent both Conway (the instant petitioner) and Collins, represented a conflicting interest from the time he was appointed, to the rendition of the jury verdict, violating rule 7 of Section 6077 of the Business and Professions Code. And the judgment was void for this reason alone."

California does provide an adequate post-conviction remedy, Ex Parte James, 38 Cal.2d 302, 240 P.2d 596, but it requires the applicant for relief of that character to comply with certain procedural requirements. The leading decision of the California Supreme Court upon this point is Ex Parte Swain, 34 Cal.2d 300, 209 P.2d 793. In that case the court said (p. 796): "We are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts. This procedural requirement does not place upon

an indigent prisoner who seeks to raise questions of the denial of fundamental rights in propria persona any burden of complying with technicalities; it simply demands of him a measure of frankness in disclosing his factual situation." The court was there dealing with a petitioner who asserted that his conviction was obtained by the prosecution's knowing use of perjured testimony. The court indicated what the petitioner had failed to allege and which he was required to show, saying (p. 794): "It is the practice of this court to require, substantially, that one who seeks to show that his conviction was obtained by the prosecution's knowing use of perjured testimony quote or otherwise designate specifically the precise testimony which it is asserted was perjured, state in detail what the actual facts are, and name or otherwise identify the person connected with the prosecution who knew it was perjured and persisted in using it, stating also the circumstances establishing such person's knowledge of the facts. Petitioner has not informed us what testimony of Mrs. Mollokoff was assertedly suppressed or what testimony of Mr. Smith was assertedly false, nor has he stated the circumstances establishing that the 'prosecuting attorney' knew these facts."

By the same token, if appellant sought in the California courts to procure relief on the ground that his attorney had represented a conflicting interest, he should have set forth what the facts and circumstances were which made the interest of defendant Collins, mentioned in the above quotation, one which was in conflict with his own interest, together with other facts and circumstances designed to show why the attorney appointed could not represent both of the defendants mentioned.

The petition in the California Supreme Court contained a hypothetical suggestion that appellant's attorney should have called the trial court's attention to his age. The allegation in that respect was as follows: "Petitioner is also aware that if the trial Court was not fully aware of this negligence, it could, and should properly have been brought to its attention by petitioner's attorney." We note that this is no allegation of fact but a mere reference to a contingency. There is no allegation that the trial court was not aware of his age. Furthermore, this contingent suggestion is directly contradicted by the petitioner's allegations that the trial court abused its discretion by sentencing him to the penitentiary. Such an abuse of discretion would have to be based upon the court's knowledge of his age.

It is plain to us that the petitions in the California courts were properly denied for the reasons set forth in Ex Parte Swain, supra. The net result is that the appellant did not, prior to his application in the court below, exhaust the remedies available in the courts of the State as required by § 2254 U.S.C. Title 28.

The judgment of the court below is affirmed.