**Lawrence E. WILSON, Warden California State Prison, San Quentin, Appellant,**

v.

**Donald Lee BLABON, Appellee.**

**No. 20976.**

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1967.

Rehearing Denied Feb. 20, 1967.

Thomas C. Lynch, Atty. Gen., of Cal., Albert W. Harris, Jr., Asst. Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellant.

Ralph C. Walker, San Francisco, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge:

The Warden of the California State Prison at San Quentin appeals from a judgment of the District Court granting appellee's petition for a Writ of Habeas Corpus and ordering him discharged from custody, subject to the condition that custody be retained until termination of any appeal, or until expiration of appellant's time to appeal.

In language of single plain meaning, the Congress has declared that:

"The [Federal] writ of habeas corpus shall not extend to a prisoner unless— * * * He is in custody in violation of the Constitution or laws or treaties of the United States * *." [28 U.S.C. § 2241(c) (3).]

The District Court granted appellee's petition for the Writ, upon the ground that appellee's criminal conviction in the Justice Court of the State was in violation of his Federal Constitutional right to the assistance of counsel, although appellee's present confinement is solely by virtue of a 1961 commitment from the State Superior Court made pursuant to proceedings under § 5501(a) of the California Welfare and Institutions Code, which then provided in pertinent part that:

"When a person is convicted of any criminal offense * * * the trial judge * * * if it appears * * * that there is probable cause for believing such person is a sexual psychopath within the meaning of this * * [statute], may adjourn the proceeding * * * and * * * certify the person for hearing and examination by the superior court * * * to determine whether the person is a sexual psychopath * * *." [See Calif. Welfare and Institutions Code, § 5500 et seq.]

The admitted facts of the case are these. On November 7, 1960, a criminal complaint was filed in the Justice Court of the Corning Judicial District of California, charging appellee with indecent exposure, a misdemeanor, in violation of § 311, subd. 1 of California's Penal Code. Appellee was arraigned on the same day, and the minutes of the Justice Court state:

"Complaint filed. Defendant in Court, was arraigned, informed of right to counsel, waived counsel, entered a plea of not guilty and requested jury trial."

In due course, appellee appeared before a jury, conducted the trial as his own defense counsel, and was convicted of the charge. Subsequent to the conviction, but prior to the imposition of sentence, the criminal proceedings in the Justice Court were ordered suspended pursuant to the quoted provisions of § 5501(a); and then "on the [Justice] Court's own motion, the proceedings were certified to the Superior Court of Tehama County for hearing and examination to determine if he is a sexual psychopath, and he was ordered to appear before the Superior Court forthwith."

The proceedings that ensued in the Superior Court were entitled "The People of the State of California, for the best interest and protection of Donald Lee Blabon, an alleged sexual psychopath." Throughout these proceedings,

appellee was represented by an attorney. The "Order and Writ of Commitment", by virtue of which appellee is now confined, declares that the Superior Court first ordered him committed to the Atascadero State Hospital, and that the State Hospital thereafter reported to the Superior Court "that Donald Lee Blabon was a sexual psychopath who would not benefit by care or treatment by the State Hospital and was a menace to the health and safety of others." [See Calif. Welfare and Institutions Code § 5512.]

On May 2, 1961, following a jury trial, the jury returned a verdict finding appellee to be a "sexual psychopath", as charged. The Superior Court thereupon committed appellee to the custody of the Director of the California Department of Mental Hygiene for an indeterminate period. [See id. §§ 5512.5, 5518.]

It is undisputed that appellee is a "sexual psychopath", as defined in the California statute. [See id. § 5500.] Nor does appellee dispute that the Superior Court proceedings leading to the commitment, as well as the commitment by virtue of which appellee is now held in custody, are free of error. Indeed, appellee's only challenge here is as to the validity of the criminal conviction in the Justice Court.

There was no motion for a new trial, or appeal from the 1960 misdemeanor conviction in the Corning Justice Court; nor was there an appeal from the 1961 commitment in the Tehama County Superior Court. [See: Thurmond v. Superior Court, 49 Cal.2d 17, 314 P.2d 6 (1957); People v. Haxby, 204 Cal.App. 2d 791, 22 Cal.Rptr. 803 (1962); People v. Bales, 180 Cal.App.2d 16, 4 Cal.Rptr. 205 (1960).]

In 1965, some four years after his commitment, appellee petitioned the California Supreme Court for a Writ of Habeas Corpus [see Calif.Const. Art. VI, Sec. 4] and, although the record of the proceedings there has not been brought to us, it is undisputed here that this petition was denied without opinion or comment. It is likewise undisputed that shortly thereafter appellee's petition to the Tehama County Superior Court for the Writ was also denied. [Cf. Calif. Const. Art. VI, Sec. 5.]

On September 1, 1965, appellee filed his petition in the District Court for the Federal Writ, alleging that he had then exhausted all remedies available to him in the State courts. Counsel was appointed to represent him and, in due course, the District Court held an evidentiary hearing, at which appellee appeared with his attorney and testified in support of his petition. The presiding Justice of the Justice Court for the Corning Judicial District, Judge Hultgren, also testified at the hearing. The District Court found that appellee had been informed in the Justice Court of a "right to counsel", but had not been informed of his right to have court-appointed counsel, if financially unable to retain counsel.

Upon ordering the Writ of Habeas Corpus to issue, the District Court observed:

"Judge Hultgren's own testimony establishes that the petitioner was not informed of his right to appointed counsel. This failure to fully inform petitioner of his constitutional rights under the sixth and fourteenth amendments clearly fails to satisfy the standards enunciated in Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799]. Nor can it be said that petitioner effectively waived the assistance of counsel. The teachings of Johnson v. Zerbst, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461], establish that a constitutionally effective waiver can only be based upon an intentional abandonment or relinquishment of a known right."

Appellant contended in the District Court that the standards set forth in Gideon v. Wainwright, supra, 372 U.S. 335, 342, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), are not applicable to appellee's case, since failure to provide assistance of counsel occurred in a criminal proceeding involving only a misdemean-

or. On this appeal, however, appellant has not raised the issue whether the rule pronounced in *Gideon* governs a State misdemeanor case; but here we shall assume, without deciding this Federal Constitutional question, that both reason and policy require that it does. [See: DeJoseph v. Connecticut, 385 U.S. ——, 87 S.Ct. 526, 17 L.Ed.2d 443 (December 5, 1966); Patterson v. Warden, Maryland Penitentiary, 227 Md. 194, 175 A.2d 746 (1961), remanded 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137, rev'd 231 Md. 509, 191 A.2d 237 (1963); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (1942); Comment, The Indigent Defendant's Right to Counsel in Misdemeanor Cases, 19 Sw.L.J. 593 (1965); cf. Criminal Justice Act of 1964, 18 U.S.C. § 3006A(b).]

Our view of the case at bar also permits us to avoid the necessity of deciding the question whether applicable California law affords the remedy of direct attack through *coram nobis*, but forbids collateral attack through habeas corpus, upon the validity of appellee's criminal conviction in the Justice Court, bearing in mind that he is presently confined pursuant to the Superior Court proceeding. [See: Thomas v. Teets, 205 F.2d 236 (9th Cir. 1953); People v. Adamson, 34 Cal.2d 320, 210 P.2d 13 (1949); People v. Sorenson, 111 Cal.App.2d 404, 244 P.2d 734 (1952); cf.: United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir.), cert. denied 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964); United States ex rel. Savani v. Jackson, 250 F.2d 349 (2d Cir. 1957).]

We also lay to one side the question whether appellee has exhausted the remedies presently available to him in the State courts [see: 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); cf. Conway v. Wilson, Warden et al., 368 F.2d 485 (9th Cir., October 28, 1966)], although it does not appear that appellee has as yet petitioned either the District Court of Appeal of the District wherein he is confined [see Calif. Const. Art. VI, Sec. 4b], or the Superior Court of Marin County where he is held in custody [see id., Art. VI, Sec. 5], for the Writ.

Nor is it clear that appellee has exhausted State remedies presently available for challenging the validity of his criminal conviction in the Justice Court, such as by motion for a new trial and appeal from a denial thereof, assuming of course that successful outcome of such procedure would result in his release from custody under California law. [See: Calif. Penal Code § 1466(2) (c); Thurmond v. Superior Court, supra, 49 Cal.2d 17, 314 P.2d 6; see also: Calif. Rules of Court 182; People v. Haxby, supra, 204 Cal.App.2d 791, 22 Cal.Rptr. 803; People v. Bales, supra, 180 Cal.App. 2d 16, 4 Cal.Rptr. 205.]

It is unnecessary to confront the State-law questions we have mentioned because of our view that neither the petition, nor the entire record before us, discloses any Federal question as to the validity of the commitment by virtue of which appellee is now held in State custody. Which is to say that, in our opinion, he is not held in State custody "in violation of the Constitution or laws or treaties of the United States." [28 U.S.C. § 2241(c) (3).]

In this connection, it should be recalled that the California statute, which authorizes the proceeding pursuant to which appellee stands committed, provides that: "When a person is convicted of any criminal offense, whether or not a sex offense, the trial judge * * * if it appears to the satisfaction of the court that there is probable cause for believing such person is a sexual psychopath * * * may certify the person for hearing and examination by the superior court * * *." [Calif. Welfare and Institutions Code § 5501(a).]

The question of whether the State Superior Court had jurisdiction to commit appellant under § 5501(a) of the California Welfare and Institutions Code is

a State question. The determination of that State question depends, in turn, on the resolution of another State question, namely, what is the meaning of the term "convicted" as used in the statute. One California court has said, it is true, that "conviction of a criminal offense is a *sine qua non* for procedure." [In re Stoneham, 232 Cal.App.2d 337, 341, 42 Cal.Rptr. 741, 744 (1965).] But California's Supreme Court has construed § 5501(a) to mean that the criminal conviction which is the *sine qua non* need not be one that is final. [Thurmond v. Superior Court, supra, 49 Cal.2d 17, 314 P.2d 6.]

Earlier, in Ex parte Morehead, 107 Cal.App.2d 346, 237 P.2d 335 (1950), it was held that the term "convicted", as used in § 5501(a) does not mean a final determination of guilt after an appeal, nor even a judgment based upon a verdict, but only the entry of a verdict of guilty. Thus, the California courts have ruled that once a jury verdict of guilty has been entered, and without regard to whether a judgment entered thereon is sustained on appeal, jurisdiction is conferred on the Superior Court to entertain a proceeding under § 5501(a).

 This construction of § 5501(a) is binding of course on the Federal courts, and makes clear that the fact of having been "convicted of any criminal offense" only serves to define the class of persons against whom proceedings may be instituted under the State statute. [See: State of Minnesota ex rel. Pearson v. Probate Court, 309 U.S. 270, 273–275, 60 S.Ct. 523, 84 L.Ed. 744 (1940); cf.: Gutierrez v. Immigration and Naturalization Service, 323 F.2d 593, 596 (9th Cir. 1963); Arrellano-Flores v. Hoy, 262 F.2d 667, 668 (9th Cir. 1958).] And the State statute plainly requires that, regardless of the type of criminal offense of which the person stands convicted—"whether or not a sex offense" —there must, nonetheless, be a judicial determination of "probable cause", before there can be certification for hearing and examination in the State court on the "sexual-psychopath" charge. [Calif. Welfare and Institutions Code § 5501(a).]

 Existence of this "probable cause for believing", such as the State statute here specifies, fully meets the Federal Constitutional requirement of "due process of law" which must be observed in charging and holding any person to answer any charge in criminal proceedings [see Fed.R.Crim.P. 4(a), 5(c)]; and *a fortiori* in the case at bar involving "proceedings of a civil nature for the purpose of protecting society against the activities of sexual psychopaths and at the same time affording a means whereby a person found guilty of a criminal offense may be aided by medical treatment." [Thurmond v. Superior Court, supra, 49 Cal.2d at 20, 314 P.2d at 8.] The fact that the State has chosen to limit the incidence of the statute to a single class—those convicted of a criminal offense in the courts of the State— and thus has added a condition in excess of what Federal due process requires, can afford no ground for challenge or complaint.

We hold, then, that appellee's petition and the entire record at bar fail to disclose any lack of due process, or any denial of equal protection of the laws, in the State-court proceedings, by virtue of which appellee is now held in custody, and hence do not present any Federal question. [See: State of Minnesota ex rel. Pearson v. Probate Court, supra, 309 U.S. 270, 60 S.Ct. 523; Latimer v. Cranor, 214 F.2d 926 (9th Cir. 1954); see also People v. Barzee, 213 Cal.App.2d 139, 28 Cal.Rptr. 692 (1963).]

For the reasons stated, the judgment and order appealed from must be vacated and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.

ELY, Circuit Judge (dissenting):

I respectfully dissent. In its brief, the appellant concedes that "but for petitioner's [appellee's] misdemeanor conviction for indecent exposure, the superior court

would have lacked jurisdiction to proceed with his commitment as a mentally disordered sex offender." The District Court has determined that the misdemeanor "conviction" was corrupted by the state's denial to the accused of a right secured to him by the federal constitution. A valid conviction for the alleged misdemeanor could have resulted in a maximum period of confinement of only six months. Cal.Pen.Code § 19. It strikes me as unjust that the invalid "conviction" may nevertheless support, as an indispensable jurisdictional foundation, the confinement of appellee for a period which has already exceeded six years and which is of indefinite future duration. Adding to my concern is the fact that he is confined in a penal institution under state proceedings apparently conceived for the welfare of the mentally ill.

My Brothers emphasize Thurmond v. Superior Court, 49 Cal.2d 17, 314 P.2d 6 (1957), and In re Morehead, 107 Cal. App.2d 346, 237 P.2d 335 (1951). In neither of these cases, as the District Court correctly saw, did the California courts hold that "conviction" of a misdemeanor offense, eventually determined to have been wholly invalid, would afford the necessary jurisdictional foundation for a collateral psychopathic proceeding. In *Thurmond* it was held that the fact that sexual psychopathic proceedings were pending did not bar the accused of his right to move for a new trial in the criminal proceedings upon the result of which the psychopathic proceedings were based. The decision was confined to that which the District Court characterized as a "narrow procedural issue." In *Morehead,* California's intermediate appellate court merely held that there was jurisdiction to proceed with a sexual psychopathic hearing even though the preceding misdemeanor convictions, because of pending appeal, had not become final. I agree with the district judge that when the court in *Morehead* stated that the "term 'convicted' * * * does not necessarily mean a final determination of guilt after an appeal has been taken," it did not say, or mean to say, that the term included an invalid, constitutionally proscribed determination of guilt.

The majority reasons that there was "probable cause" for belief that appellee was a sexual psychopath. The California statute, however, required more than this. It permitted the judge to find "probable cause" only after the "person is convicted of any criminal offense * * *." As originally enacted in 1939, section 5501 permitted the determination of "probable cause" to be made after "any person is *charged with a crime, either before or after adjudication of the charge* * * *." (Emphasis supplied.) When, by amendment of the statute in 1950, the California legislature changed the emphasized language to read "when a person is convicted of a criminal offense," it obviously intended to create a more solid safeguard to liberty. Had a mere finding of "probable cause" by the magistrate been sufficient, the amendatory language would have been unnecessary.

In one of the latest expressions, in 1965, a California court has written that "conviction of a criminal offense is a *sine qua non* for [the psychopathic] procedure * * *." In re Stoneham, 232 Cal.App.2d 337, 341, 42 Cal.Rptr. 741, 744 (1965). If "conviction" means "only the entry of a verdict of guilty," it is not a very significant *"sine qua non."* If such an entry were made without notice to the accused or pursuant to a plea induced by admitted coercion, would my Brothers still say that it would afford the jurisdictional *"sine qua non"* for a civil proceeding from which life imprisonment in a penal institution may result?

Upon the basis of the careful reasoning of the district judge, plus the few comments which I have added, I would affirm.