**Edward Stanley WADLEY, Appellant,**

v.

**PEOPLE OF the STATE OF CALIFORNIA, Louis S. Nelson, Warden, San Quentin State Prison, Appellee.**

No. 22599.

United States Court of Appeals
Ninth Circuit.

July 3, 1969.

Edward Stanley Wadley, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, POPE* and MERRILL, Circuit Judges.

PER CURIAM:

Appellant Wadley was denied a writ of habeas corpus without an evidentiary hearing. The district court held that it lacked jurisdiction on the basis of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034, and the exception to McNally enunciated there, were found inapplicable because Wadley's parole on the prior conviction was not revoked solely because of the later conviction which he now attacks. Of course, the Supreme Court has overruled

* The late Circuit Judge Walter L. Pope participated in the oral arguments of this case.

McNally. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426. The first issue presented is whether Peyton should be applied retroactively to render jurisdiction in the court below.

■ In Peyton, the Chief Justice said for the unanimous Court:

"[A] district court may entertain a petition for a writ of habeas corpus from a prisoner incarcerated under consecutive sentences who claims that a sentence that he is scheduled to serve in the future is invalid because of a deprivation of rights guaranteed by the Constitution."

391 U.S. at 55, 88 S.Ct. at 1550. There is no problem raised in applying this holding retroactively. Where retroactivity of a constitutional decision has been denied, the newly-enunciated rule is usually remedial, as where the exclusionary rule under the fourth amendment is extended. See Desist v. United States, 394 U.S. 244, 89 S.Ct. 1048, 22 L.Ed.2d 248. Here sound court administration militates in favor of disposing of this case, and there has not been any prejudicial reliance by law enforcement in waiting until memories have faded. Peyton v. Rowe, 391 U.S. at 65, 88 S.Ct. 1549. Therefore, the district court had jurisdiction.

On the merits of Wadley's petition, three of the four grounds he cites for issuance of the writ have not been properly presented to the California state courts. As a matter of comity, we need not consider whether Wadley has been prejudiced by defense counsel's alleged conflict of interest, by testimony given by co-defendant Landry, or by prosecutorial comment. See Conway v. Wilson, 9 Cir., 368 F.2d 485, cert. den. 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798.

■ On the fourth issue raised by Wadley, that testimony of Witness Keto about the purchase of a Cadillac auto was prejudicial, we agree with the characterization of the California Court of Appeal, 2d Appellate District, Division 5. That Court in an unreported opinion described this testimony as "colorless."

We see no due process unfairness in the trial court's having left this unobjected to evidence remain in the record.

The judgment is affirmed.